**MOTHER AND UNBORN BABY CARE OF NORTH TEXAS, INC., Appellant,**

v.

**Jane DOE, et al., Appellees.**

No. 2–85–094–CV.

Court of Appeals of Texas, Fort Worth.

May 9, 1985.

Gandy, Michener, Swindle, et al., Shelby Sharpe, Cantey, Hanger, Gooch, Munn & Collins, and Richard L. Griffith, Fort Worth, for appellant.

B.C. Cornish, Art Brender, James D. Neel, Fort Worth, for appellees.

Before JORDAN, ASHWORTH and HOPKINS, JJ.

## OPINION

JORDAN, Justice.

On April 11, 1985, the trial court granted a temporary injunction prohibiting appellant from advertising in the Yellow Pages of Southwestern Bell Telephone Book under the headings of "Clinics-Medical" or "Abortion Information & Services," and from representing to any inquirer by commission, omission, or inference, that it funds abortions or that it performs abortions.

On motion of appellant the appeal was accelerated by this court because of exigencies relating to the time of publication of the questioned advertisements.

The appeal is on four points of error.

We reverse and remand.

Appellees are three women, still of childbearing age, who brought this suit against appellant for both monetary damages and for injunctive relief, based primarily on fraud, deceptive practices, and invasion of privacy. All three appellees, who used pseudonyms in filing the suit, were pregnant and unmarried women, who consulted the Yellow Pages of the telephone book, seeking the services of someone who would perform an abortion for them. Each of them testified that appellant is listed as "Problem Pregnancy Center" in the phone book under the headings of "Clinics-Medical" and "Abortion Information & Services," and that they each called the number listed in the phone book for information concerning abortions. Each of them then went to appellant's place of business at 1412 Ballinger in Fort Worth for the purpose of having an abortion. On the side of the building is a sign reading "Free Pregnancy Test and Problem Pregnancy Center."

Each of the three women testified that they believed appellant to be a medical clinic that offered pregnancy testing and abortion services. All of them, at different times, in November of 1984, went to appellant's facility, expecting to obtain an abortion. However, according to their testimony, all of them were given a urine test and subjected to questions of a personal and intimate nature about their marital status, use of contraceptives, previous pregnancies and previous abortions, if any. Each of the appellees were then shown an anti-abortion film and were lectured on the dangers and evils of abortion.

They testified that they "feared" or they "thought" it was possible that they could have future contact with appellant's facility if the same ads were run in the future in the Yellow Pages. They did admit that they would not go back to the same location on Ballinger Street.

All of the appellees also admitted that they did not know the nature of the advertisement or advertisements appellant was planning on running in the next edition of the Yellow Pages in the phone book, or what the headings on those ads would be. There was no evidence whatever on these matters. The only evidence concerning future ads in the Yellow Pages was that of Charles J. Pelletier, II, appellant's presi-

dent, who said he intended to advertise in the next edition of the Yellow Pages.

Appellant's first point of error is that the trial court erred in granting the temporary injunction since there was no evidence that appellees were threatened with any injury, and thus the granting of the temporary injunction was an abuse of discretion. We agree and sustain this point of error.

■ A trial court has broad discretion in determining whether to issue a temporary injunction to preserve the rights of the parties pending final trial on the merits. When this discretion is exercised and a temporary injunction granted, the trial court's order should not be disturbed on appeal unless the record discloses a clear abuse of discretion. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968); *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 462 (1952).

■ On the other hand, it is equally well settled that a temporary injunction will be dissolved if it is based upon an erroneous application of the law to the facts. *Dallas General Drivers v. Wamix, Inc.*, 156 Tex. 408, 295 S.W.2d 873, 879 (1956); *Southland Life Ins. Co. v. Egan*, 126 Tex. 160, 86 S.W.2d 722, 723 (1935). The law is also well established that a trial court abuses its discretion in granting a temporary injunction unless it is clearly established by the facts that one seeking such relief is threatened with an actual irreparable injury if the injunction is not granted. *Dallas General Drivers*, 295 S.W.2d, at 879. Moreover, "an injunction will not lie to prevent an alleged threatened act, the commission of which is speculative and the injury from which is purely conjectural." *Haden Employees' Ass'n v. Lovett*, 122 S.W.2d 230, 232 (Tex.Civ.App.— Galveston 1938, writ ref'd); *see also Dallas General Drivers*, 295 S.W.2d at 879.

■ We hold that under the facts in this record, these propositions of law compel a holding that the trial court abused its discretion in granting the temporary injunction. It must be remembered that all of

the appellees' contact with appellant ended in November, or at least December, of 1984. None of these appellees had been in contact personally since their separate visits sometime in November of 1984. There was testimony of a phone call from Problem Pregnancy Center to one or more of appellees after November, but those phone calls ended and there was no other contact.

Jane Doe, when asked if she feared future contact from Problem Pregnancy Center, said, "Yes, in a way I do." Elizabeth Collins said future contact by appellant was possible. Jane Ashley simply said she feared future contact. They all testified that they were still capable of becoming pregnant again and that if appellant was not enjoined from advertising under the headings, "Abortion Information & Services" and "Clinics-Medical" in the Yellow Pages, they might end up again in appellant's clinic.

■ The testimony of "fear", "apprehension", and "possibilities" is not sufficient to establish any injury, let alone "irreparable" injury. *Frey v. DeCordova Bend Estates Owners Ass'n*, 647 S.W.2d 246, 248 (Tex.1983). "Moreover, fear or apprehension of the possibility of injury alone is not a basis for injunctive relief." *Id.* This evidence falls short of establishing a threat to appellees from the current advertisements of appellant in the Yellow Pages. Appellant's first point of error is sustained.

■ In points of error two and three, appellant contends that the granting of the temporary injunction was erroneous because instead of maintaining the status quo, it changed it, and because it constituted a prior restraint of freedom of speech and freedom of press. We agree that the temporary injunction changed the status quo because it actually granted the relief sought by appellees in the trial on the merits. It is agreed that May 10, 1985 is the deadline for an ad to be pulled from the next edition of the Yellow Pages, so the temporary injunction is actually tantamount to a permanent injunction. Moreover, there is no evidence in this record which establishes what appellant proposes

to run in the next edition of the Yellow Pages.

At no time was appellant or anyone else asked about the contents or the headings of appellant's ad or ads in the upcoming edition of the Yellow Pages. There was also an absence of proof as to who determines the headings and the ads to appear under those headings. We sustain appellant's second point of error.

We pretermit discussion of point of error three because a ruling on this point is unnecessary in view of our dissolution of the temporary injunction.

Point of error four, complaining of the vagueness and overbreadth of the injunction, is overruled.

This opinion is not to be construed or considered in any manner as approval or sanction of appellant's camouflage tactics evidenced by the record in this case. There is no question that appellant's employees purposefully attracted pregnant women to their facility by disseminating information which could lead these women to believe that abortions were available there. We can well understand the umbrage taken by these appellees and others, but that cannot change our opinion that under the law and the facts of this case, for the reasons stated, appellees have no standing to temporarily enjoin appellant.

Reversed and remanded.