IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00363-CR

 

Maxin Burhan Obeidat,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. F37717

 



MEMORANDUM  Opinion










 

      Obeidat appeals his conviction for
first-degree-felony possession of methamphetamine with intent to deliver.  See
Tex. Health & Safety Code Ann.
§ 481.112(d) (Vernon 2003); see also id. § 481.102(6) (Vernon Supp. 2004-2005).  We affirm.

      In Obeidat’s one issue, he contends that
the trial court erred in admitting evidence.  The State argues that Obeidat
forfeited the issue by filing to complain at trial.

      The Texas Rules of Appellate Procedure
require: “As a prerequisite to presenting a complaint for appellate review, the
record must show that . . . the complaint was made to the trial court
by a timely request, objection or motion . . . .”  Tex. R. App. P. 33.1(a).  “Except for
complaints involving systemic (or absolute) requirements, or rights that are
waivable only, which are not involved here, all other complaints, whether
constitutional, statutory, or otherwise, are forfeited by failure to comply
with Rule 33.1(a).”  Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim.
App. 2004); e.g., Hankins v. State, 132 S.W.3d 380, 389 n.7 (Tex. Crim.
App.), cert. denied, 125 S. Ct. 358 (2004) (admission of
evidence).  

      Obeidat does not point to any trial
objection to the admission of evidence.  Obeidat thus forfeits the issue.  We
overrule Obeidat’s issue.

      Having overruled Obeidat’s sole issue, we
affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed September 28, 2005

Do
not publish

[CR25]






0;                                                                                      

O P I N I O N
                                                                                                                

      This is an interlocutory appeal of an order granting a temporary injunction. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 1997). The American Chianina Association
(“Association”) and the members of its Board of Directors (“Board”) appeal the granting of a
temporary injunction in favor of the plaintiff, Walter G. Mize, d/b/a Walter G. Mize Ranches
(“Mize”), which enjoins the Association and the Board from implementing a rule change and
proceeding with a name change proposed by the Board at its March 14, 1998 meeting. Mize filed
suit against the Association and the members of the Board individually alleging a breach of the
Board's duty of loyalty and care that stemmed from actions taken by the Board at its March 14,
1998 meeting. As remedies, Mize sought a permanent injunction to prohibit the Board from
implementing those actions and damages. He also sought a temporary injunction to prevent the
Association from implementing the rule changes prior to a disposition of the case on its merits. 
The trial court issued a temporary injunction enjoining the implementation of the Board's actions
by the Association. The Association and the Board appeal the granting of Mize’s temporary
injunction, contending: (1) Mize lacks standing to bring this action; (2) Mize lacks capacity to
bring this suit; (3) the trial court improperly applied the law to the facts in granting the temporary
injunction; (4) the trial court abused its discretion by granting the temporary injunction; (5) the
trial court committed reversible error in refusing to admit Defendant's Exhibit No. 11 into
evidence; (6) the trial court committed reversible error in refusing to admit Defendant's Exhibit
No. 13 into evidence; (7) the trial court erred in accepting Mize’s testimony as evidence of
imminent harm sufficient to support the temporary injunction. We affirm in part and reverse in
part.
FACTUAL AND PROCEDURAL BACKGROUND
      The Association formed in 1972 under the Missouri Not-for-Profit Corporation Act.


 At the
Association's Board of Directors meeting on March 14, 1998, the Board proposed to change the
Association's name to the American Chiangus Association. In addition, the Board voted to
eliminate an Associational requirement that an animal must contain at least 1/8 Chianina blood to
be registered as a Chianina-cross with the Association.



      On May 29, 1998, Mize filed suit in the 249th District Court of Johnson County against the
Association and the Board alleging breach of the duty of care and loyalty by the Board, and fraud,
oppression, and bad faith by the Association. Mize sought a temporary restraining order,
preliminary injunction, and permanent injunction to enjoin the Board and Association from
implementing the rule and name changes. The Association and the Board answered and counter-claimed for damages and declaratory relief. 
      The trial court granted a temporary restraining order on May 27, 1998, and after a hearing
on the merits, signed an order dated July 24, 1998, granting a temporary injunction to enjoin the
Association and the Board from implementing the proposed name change and rule change. The
Association and Board appeal that order.
STANDING
      On appeal, the Association and the Board raised the issue that Mize lacked standing to bring
this suit. If a party lacks standing to bring a suit, then a court lacks subject matter jurisdiction to
hear that suit. See Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993). Consequently, all actions by a court on behalf of a party lacking standing are void. See
Mapco, Inc. v. Forrest, 795 S.W.2d 700, 702 (Tex. 1990)(“A judgment is void . . . when it is
apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction
of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.”). 
Because the standing of a party necessarily interrelates with subject matter jurisdiction, lack of
standing, like lack of subject matter jurisdiction, may not be waived. See Texas Ass'n of Bus., 852
S.W.2d at 445-46. Therefore, lack of standing may be raised by the parties or by the court for
the first time on appeal. See id. at 446. Without standing, Mize would lack the ability to bring
this suit before the trial court; consequently, the trial court would lack the authority to grant a
temporary injunction based on Mize's claims. See Mapco, 795 S.W.2d at 702. Therefore, we
will consider the issue of whether Mize has standing to challenge the Appellants’ rule change and
proposed name change before we address the merits of the issues raised by the Association and
the Board concerning the grounds upon which the court based the temporary injunction and the
evidentiary issues.
      The Association and the Board contend that Mize lacks standing to challenge ultra vires acts
by the Association under Missouri law. Applicable Missouri law states that:
1. Except as provided in subsection 2 . . . , the validity of corporate action may not be
challenged on the ground that the corporation lacks or lacked power to act.
2. A corporation's power to act may be challenged in a proceeding against the
corporation to enjoin an act where a third party has not acquired rights. The proceeding
may be brought by the attorney general, a director, or by a member or members in a
derivative proceeding. 
3. A corporation's power to act may be challenged in a proceeding against an incumbent
or former director, officer, employee or agent of the corporation. The proceeding may
be brought by a director, or by the corporation directly, derivatively, or through a
receiver, a trustee or other legal representative, or in a case of a public benefit
corporation, by the attorney general. 

Mo. Ann. Stat. § 355.141 (West Supp. 1998).

Consequently, the Association and the Board argue that Missouri law limits Mize's challenge of
the proposed name change and rule change to derivative proceedings. Missouri law defines who
may bring derivative proceedings:
A proceeding may be brought in the right of a domestic or foreign corporation to
procure a judgment in its favor by any member or members having ten percent or more
of the voting power or by fifty members, whichever is less, or by any director.

Mo. Ann. Stat. § 355.221 (West Supp. 1998). Because Mize acts alone in his suit against the
Board and the Association, and because Mize has only one vote within the corporation, not ten
percent of the voting power, the Association and the Board contend that Mize lacks standing to
bring this suit. We disagree.
      The Supreme Court has stated that “[t]he general test for standing in Texas requires that there
'(a) shall be a real controversy between the parties, which (b) will be actually determined by the
judicial declaration sought.'” Texas Ass'n of Bus., 852 S.W.2d at 446 (quoting Board of Water
Engineers v. City of San Antonio, 155 Tex. 111, 114, 283 S.W.2d 722, 724 (1955)). Therefore,
standing focuses not on the capacity in which a party sues, but on the nature of the acts
complained of and the power of the court to remedy the resulting harm. 
      The Supreme Court has also defined the scope of review for determining if a plaintiff has
standing to bring a suit: “[W]hen a Texas appellate court reviews the standing of a party . . ., it
must construe the petition in favor of the party, and if necessary, review the entire record to
determine if any evidence supports standing.” Texas Ass'n of Bus., 852 S.W.2d at 446. 
Following this directive, we will first look to Mize's petition, construe it in his favor, and
determine if he has pled facts which illustrate a real controversy which can be remedied by the
judicial declaration that he seeks. See id. If Mize has not adequately pled facts which demonstrate
his standing, then we will look to the record in search of the required jurisdictional facts. See id.
      In the instant case, Mize's petition alleges that the Association's implementation of the rule
change and the Board's proposition of the name change will harm him. Applying the first prong
of the general test propounded by the Supreme Court, we determine that there is a real controversy
between the parties. The Board and the Association claim that their actions were rightful and that
no harm will result to Mize because of those actions. On the other hand, Mize claims that the
Board and the Association acted in bad faith, that the Board's actions were fraudulent, oppressive,
and constituted a breach of their duties of loyalty and care. He also claims that these actions will
harm him. From the facts alleged in his petition, we hold that a real controversy exists between
Mize and the Association and between Mize and the Board because in both instances the parties
disagree as to the nature and results of actions that are not subject to speculation or conjecture. 
      To remedy his alleged harm, Mize seeks an injunction to enjoin the Association and the Board
from implementing the rule and name change. Applying the second-prong of the Supreme Court's
test for standing, we see that the judicial declaration sought, the injunction, will result in a final
determination of the controversy. Our Legislature has given district courts the authority to issue
an injunctive order in cases where “the applicant is entitled to the relief demanded and all or part
of the relief requires the restraint of some act prejudicial to the applicant.” Tex. Civ. Prac. &
Rem. Code Ann. § 65.011 (Vernon 1997). Therefore, the district court has the authority to
restrain any actions taken by the Association and the Board which it finds to be prejudicial to
Mize. See id. Since Mize complains solely of the Appellants’ actions, restraint of those actions
by the court will finally determine the controversy and preserve the status quo—the Association
will keep its current name and Chianina-cross registration requirements.
      We think that this position is consistent with the Supreme Court's elaboration, expressed in
Nootsie, Ltd. v. Williamson County Appraisal District, on the general standing test. In that case,
the Court stated that “[a] plaintiff has standing when it is personally aggrieved, regardless of
whether it is acting with legal authority.” Nootsie, Ltd. v. Williamson County Appraisal Dist.,
925 S.W.2d 659, 661 (Tex. 1996). In the instant case, the Association and the Board claim that
Missouri law does not allow Mize to challenge the actions of the Association or the Board because
he does not fit within the statute's definition of a proper plaintiff. In essence, they maintain that
Mize lacks the legal authority to sue the Board or the Association under Missouri law.


 However,
as the Supreme Court pointed out in Nootsie, lack of legal authority has no bearing on whether the
plaintiff has standing to sue. Id. Rather, Mize's standing depends on whether or not he has been
personally aggrieved.
      Mize's petition, construed in his favor, amply demonstrates that he has been personally
aggrieved. He alleged that he is a member of the Association and that the proposed name change
and rule change will dilute the value of membership in the Association and will dilute the breeding
value of cattle registered with the Association. The record demonstrates that Mize owns a herd
of full-blood Chianina cattle. According to his testimony, the proposed name change and the rule
change will result in immediate harm to the value of his herd as well as his reputation as a
Chianina breeder. Therefore, we conclude that Mize’s petition alleges facts, and that the record
contains some evidence, to indicate that he has been personally aggrieved. Thus, we hold that
Mize has demonstrated his standing under the tests propounded by the Supreme Court.
CAPACITY
      The Association and the Board raise the issue that Mize lacks the capacity to sue them under
Missouri law. However, unlike standing, capacity is not jurisdictional. See Nootsie, 925 S.W.2d
at 662. Therefore, the Association and the Board may not raise Mize’s lack of capacity for the
first time on appeal. See id. In order to challenge Mize’s capacity to sue, the Association and the
Board should have filed a verified denial of his capacity in the trial court. See Tex. R. Civ. P.
93(1); Nootsie, 925 S.W.2d at 662. Since neither the Association nor the Board filed a verified
denial challenging Mize’s capacity to sue in the trial court, we do not address this issue.
      Because we have determined that Mize does have standing to bring his suit against the
Association and the Board, we must now address the issues raised by them as to the merits of the
temporary injunction order issued by the trial court.
STANDARD OF REVIEW
      In reviewing the issuance of a temporary injunction, the only issue before us is whether the
trial court correctly decided to preserve the status quo pending resolution of the case on the merits. 
Transport Co. v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549, 552 (1953). 
Because the merits of the moving party’s case are not presented for appellate review, the scope
of our review is limited to determining whether the trial court abused its discretion in issuing the
temporary injunction. Davis v. Huey, 571 S.W.2d 859, 861-62 (Tex. 1978). To ascertain if the
trial court abused its discretion, we must consider (1) whether the trial court could reasonably have
reached only one decision, and (2) whether the trial court’s decision was so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law. See Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992); Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917-18
(Tex. 1985); AIG Risk Management v. Motel 6 Operating L.P., 960 S.W.2d 301, 305 (Tex.
App.—Corpus Christi 1997, no pet.). An abuse of discretion occurs when the evidence that
served as grounds for the trial court's order granting an injunction does not furnish any reasonable
basis for concluding that the party seeking the injunction has a probable defense or right to
recovery. See Camp v. Shannon, 162 Tex. 515, 518, 348 S.W.2d 517, 519 (1961). However,
a trial court does not abuse its discretion if it heard conflicting evidence and if substantive,
probative evidence appears in the record which reasonably supports the trial court’s decision. See
Davis, 571 S.W.2d at 862; CRC-Evans Pipeline Int’l, Inc. v. Myers, 927 S.W.2d 259, 262 (Tex.
App.—Houston [1st Dist.] 1996, no writ); Recon Exploration, Inc. v. Hodges, 798 S.W.2d 848,
852 (Tex. App.—Dallas 1990, no writ). 
      In order to grant a temporary injunction, a court must find that the party seeking the
injunction has pled and proved three elements: (1) a wrongful act; (2) a probable right to ultimate
recovery; and (3) a probable injury. See Sun Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex.
1968). A party proves a probable injury by introducing evidence of imminent harm, irreparable
injury, and an inadequate remedy at law. See Miller Paper Co. v. Roberts Paper Co., 901 S.W.2d
593, 597 (Tex. App.—Amarillo 1995, no writ). 
      A temporary injunction is an extraordinary remedy. See Walling v. Metcalfe, 863 S.W.2d
56, 57 (Tex. 1993). Therefore, a party seeking such relief must clearly establish his entitlement
to that relief. See Ichiban Records, Inc. v. Rap-a-lot Records, Inc., 933 S.W.2d 546, 553 (Tex.
App.—Houston [1st Dist.] 1996, writ denied). To establish his entitlement to a temporary
injunction, Mize must prove that without the issuance of the injunction, he will suffer imminent
harm. See Miller Paper Co., 901 S.W.2d at 597. A bald assertion of imminent harm without
evidentiary support in the hearing on the injunction is not enough. See Markel v. World Flight,
Inc., 938 S.W.2d 74, 79 (Tex. App.—San Antonio 1996, no writ). In addition, the evidentiary
support of imminent harm at the hearing must consist of more than testimony of mere fear or
apprehension that an injury will occur. See Frey v. DeCordova Bend Estates Owners Ass’n, 647
S.W.2d 246, 248 (Tex. 1983)(“[F]ear or apprehension of the possibility of injury alone is not a
basis for injunctive relief.”); Mother & Unborn Baby Care, Inc. v. Doe, 689 S.W.2d 336, 338
(Tex. App.—Fort Worth 1985, writ dism’d w.o.j.)(“[T]estimony of ‘fear,’ ‘apprehension,’ and
‘possibilities’ is not sufficient to establish any injury, let alone ‘irreparable’ injury.”). “Moreover,
‘an injunction will not lie to prevent an alleged threatened act, the commission of which is
speculative and the injury from which is purely conjectural.’” Markel, 938 S.W.2d at 80 (quoting
Unborn Baby Care, 689 S.W.2d at 338).
      Once a trial court finds sufficient grounds to grant an injunction, it must specifically state
those grounds for that injunction, the specific acts which the injunction will enjoin, and the parties
to whom the injunction applies. See Tex. R. Civ. P. 683. Here, the court's order stated that the
Association and the Board are enjoined from implementing the proposed name change and the rule
change approved by the Board at its March 14, 1998 meeting. Because the order enjoined both
the implementation of the rule change and the name change, we will address the propriety of the
temporary injunction with respect to each action separately.
THE NAME CHANGE