**TEXANS UNITED EDUCATION FUND
and Valorie W. Davenport,
Appellants,**

v.

**TEXACO INC. and Texaco Chemical
Co., Appellees.**

No. A14–92–01201–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 1, 1993.
Rehearing Denied July 29, 1993.

Valorie W. Davenport, Houston, for appellants.

Joan Marie Lucci Bain, Glen E. Clover, Phyllis G. Schrader, J. Mart Mitchell, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

**OPINION**

LEE, Justice.

Appellants, Valorie Davenport and Texans United Education Fund, appeal the trial court's dismissal of their plea in intervention, for want of jurisdiction. In the intervention, appellants asserted a right to contest the propriety and enforceability of a certain non-disclosure order signed by the court in the original action. The trial court considered and rejected appellant's argu-

ment that Texas Rule of Civil Procedure 76a provided continuing jurisdiction in the case, and found that no sealing order had been entered as to certain Texaco documents. By three points of error, appellants contend the trial court erred in granting Texaco's motion to dismiss appellant's plea in intervention and in failing to follow the requirements of Rule 76a. We dismiss for lack of jurisdiction.

This case was originally filed by John Sexton in 1989, against Texaco Inc. and several individuals.[1] The suit was filed after Sexton, a thirty-year employee and manager of Texaco's Corporate Safety Department was fired for allegedly reporting illegal activities in the workplace. His reports reflected activities at several Texaco facilities which had a probable adverse effect upon the health and safety of the general public. In his original petition, Sexton alleged breach of an express and implied employment contract, employment torts, age discrimination, and wrongful discharge.

In the course of discovery in the original action, Sexton requested and received voluminous documents from Texaco, including various documents relating to safety matters at some Texaco facilities (the safety documents), together with Sexton's correspondence to and from Texaco's counsel. Sexton filed most of these safety documents as exhibits to various pleadings in the original action. Texaco filed a motion for protective order in regard to twenty-one documents and submitted those documents for in camera inspection, under claims that such documents were privileged. The trial court granted Texaco's motion with respect to the twenty-one documents, after finding they were privileged and not subject to production.

In a petition for writ of mandamus filed with the First Court of Appeals, Sexton appealed the granting of the protective order relating to the twenty-one safety documents, as well as an April 1991 protective order limiting plaintiff's discovery to the two-year period prior to Sexton's discharge. Prior to any ruling from the First Court of Appeals, the parties reached a settlement of the original action through court-ordered mediation. The settlement agreement provided, among other things, for Sexton's return of documents produced to him by Texaco in discovery. Pursuant to the settlement agreement, the original action was dismissed on joint motion, on February 18, 1992. Sexton also filed a motion to dismiss the petition for writ of mandamus before the First Court of Appeals. However, appellant, Davenport, was in disagreement with lead counsel over the settlement agreement and the subsequent court order. As a result, Davenport filed a supplemental motion to dismiss the mandamus wherein she requested that, as a condition of dismissal, the court of appeals require Texaco to maintain the protected documents as required by Texas Rule of Civil Procedure 76a (Vernon Supp.1993). The First Court of Appeals subsequently withdrew leave to file the petition for mandamus without granting the relief sought under 76a.

On August 6, 1992, more than thirty days after the trial court's dismissal of the original action, Davenport and Texans United, filed their petition in intervention. The intervenors argued that the trial court still had jurisdiction under the provisions of Rule 76a which provides for continuing jurisdiction in matters where the trial court has granted a sealing order under the provision of that rule. Texaco responded, arguing that Rule 76a was not applicable because no sealing order was ever entered in this case and moved to dismiss for want of jurisdiction. The trial court dismissed intervenors' motions, finding that no sealing order had been requested or entered, and that it did not have jurisdiction to hear the motions. It is from this dismissal that the instant appeal comes.

In their second and third points of error, appellants contend the trial court erred in not following the procedural and substan-

---

1. Sexton, an appellee in the present action, was originally represented by the Joan Lucci Bain of the law firm of Nelkin & Nelkin. Appellant, Valorie Davenport was subsequently retained as co-counsel. The parties are now in opposition due to differences of opinion regarding certain trial court orders executed during the discovery process of the original action.

tive requirements of Rule 76a. Appellants argue that the April 1991 protective order and the order dismissing their plea in intervention acted as sealing orders, and as such, the requirements of Rule 76a must be followed.

■ In 1990, the Supreme Court of Texas promulgated Texas Rule of Civil Procedure 76a, which provides guidelines and procedures for sealing court records. TEX. R.CIV.P. 76a (Vernon Supp.1993). Included within the guidelines of the rule are the requirements of notice, public hearing and proper written motion. The purpose of the rule is to prevent an interested nonparty from waiting on the sidelines until a court issues an order, and then intervene, forcing relitigation of the issues, if not satisfied with the outcome. *Public Citizens v. Insurance Services Office Inc.*, 824 S.W.2d 811 (Tex.App.—Austin 1992, no writ).

■ Rule 166b.5 of the Texas Rules of Civil Procedure authorizes the trial court to enter a protective order. TEX.R.CIV.P. 166b.5 (Vernon Supp.1993). The trial court's authority under this rule extends to "ordering that for good cause shown results of discovery be sealed or otherwise adequately protected, that its distribution be limited, or that its disclosure be restricted." TEX.R.CIV.P. 166b.5(c). Any order under this subsection that involves "court records" must comply with Rule 76a. TEX. R.CIV.P. 166b.5(c). Thus, when a trial court receives a motion for protective order under Rule 166b.5, the rule clearly provides that Rule 76a is not implicated unless documents sought to be protected include "court records" as defined in Rule 76a. *Ford Motor Co. v. Benson*, 846 S.W.2d 487, 491 (Tex.App.—Houston [14th Dist.] 1993, no writ). The non-movant in a Rule 166b.5 proceeding has the burden of showing the court that there must first be compliance with Rule 76a by establishing that some or all of the documents are "court records." *Id.*

■ Paragraph 2 of Rule 76a provides a definition of those documents constituting "court records." Subsection (a) of paragraph 2 expressly excludes from the definition of "court records," those "documents filed with a court *in camera,* solely for the purpose of obtaining a ruling on the discoverability of such documents." TEX.R.CIV.P. 76a(2)(a)(1).

In its dismissal of intervenors' plea in intervention, the trial court found that no sealing order had been requested or entered in this case. After reviewing the entire record, there is no evidence that anything more than a protective order was executed by the trial court concerning the twenty-one safety documents. There is no evidence of a showing by appellants to the trial court that the twenty-one documents constituted "court records." We hold Rule 76a was not implicated under the present facts because the documents in question were submitted to the court for in camera inspection and were therefore expressly excluded from the purview of the Rule. Appellant's second and third points of error are overruled.

In their first point of error, intervenors contend the trial court erred in finding it lacked jurisdiction to hear their plea in intervention and other related motions. Their argument is premised on the applicability of 76a, specifically, paragraph 7, which provides for continuing jurisdiction in the court that issues the sealing order. Because of our holding in points of error two and three, that Rule 76a was not implicated in the present case, the continuing jurisdiction paragraph contained within that rule is likewise inapplicable.

■ The trial court entered its order dismissing the original action on February 18, 1992, on joint motion of the parties. No motion for new trial or appeal was filed in regard to the trial court's dismissal order entered on that date. A trial court loses its plenary power to modify, vacate, set aside or amend its judgment thirty days after the signing of the judgment. *First Alief Bank v. White,* 682 S.W.2d 251, 252 (Tex.1984); TEX.R.CIV.P. 329b(d) and (f). The trial court in the instant case lost its plenary jurisdiction to modify or amend its judgment on March 20, 1992. Furthermore, a plea in intervention comes too late if filed after judgment and may not be considered

unless and until the judgment has been set aside. *Id.; Comal County Rural High School District No. 705 v. Nelson*, 158 Tex. 564, 314 S.W.2d 956 (1958). Intervenors' plea in intervention was filed on August 6, 1992, well after the thirty day extension of plenary power allowed under Rule 329b. We hold therefore, that the order of dismissal signed on February 18, 1992, is final and appellants' plea in intervention was untimely. Appellant's first point of error is overruled.

Accordingly, we dismiss for want of jurisdiction.