**Ted H. ROBERTS, Mary S. Roberts, and the Law Offices of Ted H. Roberts, P.C., Appellants,**

v.

**Robert V. WEST, III, Trustee; West Family Reserve Trust; San Antonio Express–News; and Rick Casey, Appellees.**

**No. 04–02–00414–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 29, 2003.

Rehearing Overruled Nov. 14, 2003.

Christopher J. Deeves, Chris Mitchell, Ruth G. Malinas, and Ted H. Roberts, San Antonio, for Appellant.

Mark J. Cannan, Jane E. Bockus, Rochel J. Lemler–Clark, San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, PAUL W. GREEN, Justice, PHIL HARDBERGER, Chief Justice (Retired).[1]

## OPINION

Opinion by PAUL W. GREEN, Justice.

Appellants Ted and Mary Roberts (the Robertses) and the Law Offices of Ted H. Roberts, P.C. appeal the order of the trial court unsealing the entire record of the underlying lawsuit. Following an initial hearing, certain disputed documents (the 202 documents) were sealed pursuant to a protective order. After a second hearing, the trial court *sua sponte* sealed the entire court record. Subsequently, the trial court held the record had been improperly sealed without following the notice and hearing required by Rule 76a of the Texas Rules of Civil Procedure and unsealed the entire record, including the 202 documents. We affirm, with modification, the initial protective order sealing the documents. We reverse the order unsealing the entire record and remand to the trial court for further proceedings.

## Background

Appellee Robert V. West, III, had been associated with appellant Ted Roberts's law office for approximately two years when West left the firm without notice. During the time he remained associated with the law firm, West, as trustee of the West Family Reserve Trust, invested in a partnership, Ezekiel I, in which the Robertses allegedly served as the managing partners.[2] Shortly after leaving the firm, West filed suit against the Robertses, claiming they misappropriated and/or mismanaged funds from the Ezekiel I investment partnership. West moved for a temporary injunction to prevent the Robertses from conducting any further business with Ezekiel I funds while the lawsuit was pending. Before the hearing on West's motion for temporary injunction, the Robertses discovered West had copied and removed documents and computer information from the law office. The Robertses filed a motion to compel the return of any confidential information and documents, including a set of draft pleadings and related information referencing personal events in the Robertses' marriage (the 202 documents).[3]

---

1. Hardberger, C. J., retired, not participating.

2. There were a number of investors in Ezekiel I. Ted Roberts claims Mary Roberts was not a managing partner.

3. The 202 documents is a group of documents which includes not only proposed pleadings but also related factual documents such as e-mails. The pleadings are a set of proposed petitions prepared by Ted Roberts, naming himself as plaintiff and his wife Mary as a defendant along with other third parties. Among the related documents are draft settlement agreements for the proposed defendants.

At the hearing on the motion for temporary injunction, West's attorney attempted to place the 202 documents into evidence, characterizing them as part of a blackmail scheme. West argued the 202 documents show Ted Roberts was desperate for money at the time of the alleged mismanagement of the investment fund and provide proof of Roberts's motive for misuse of the money. Roberts testified he was not experiencing any financial trouble and the 202 documents were not being used for blackmail but were legitimate potential lawsuits with no relevance to the issues in the lawsuit involving Ezekiel I. Roberts reasserted his accusation that West stole the documents from the law office and repeated his request that those documents and all copies be returned. Expressing concern over whether the documents were relevant to issues in the lawsuit, the trial court received the 202 documents for *in camera* inspection only. Without ruling on the evidentiary issue, the trial court ordered the documents sealed but held in the court's record in the event they needed to be reviewed by another judge in a later proceeding.[4]

West prepared a proposed motion to unseal which included detailed information about the allegations in the 202 documents and sent the proposed motion to the Robertses before filing. To prevent the information in the proposed motion from becoming public, the Robertses filed a motion for temporary restraining order or temporary injunction and set the motion for hearing. Just prior to the hearing on the Robertses' motion for temporary injunction, West filed the proposed motion to unseal. At the hearing, the trial judge granted a temporary restraining order and *sua sponte* ordered the entire record sealed.[5] The sealing order, however, did not include the 202 documents; those remained under seal pursuant to the prior protective order.

Shortly after the record was sealed, San Antonio Express–News columnist, Rick Casey, was denied access to the court's file. The Robertses then filed a motion to seal or partially seal the 202 documents and all other pleadings or documents that referenced the information in the 202 documents and posted the public notice required by Rule 76a. The Express–News and Casey intervened to oppose sealing the court's record. Thereafter, with only eight days notice, the trial court held a Rule 76a hearing and determined the records had never been properly sealed. The trial court ordered the entire record unsealed[6] and this appeal was filed.

### Standard and Scope of Review

All court records are presumed to be open to the public, and they may only be sealed after the party seeking protection satisfies all the requirements of Rule 76a. Tex.R. Civ. P. 76a. However, not all documents are "court records." Rule 76a defines "court records" as follows:

(a) all documents of any nature filed in connection with any matter before any civil court, except:

(1) documents filed with a court *in camera*, solely for the purpose of obtaining a ruling on the discoverability of such documents;

(2) documents in court files to which access is otherwise restricted by law;

(3) documents filed in an action originally arising under the Family Code.

---

4. *See* Amended Order Granting Plaintiffs' Motion for Temporary Injunction, signed April 4, 2002.

5. *See* Temporary Restraining Order, signed April 10, 2002.

6. *See* Order, signed May 17, 2002.

(b) settlement agreements not filed of record ... that seek to restrict disclosure of information concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government.

(c) discovery, not filed of record, concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government, except discovery in cases originally initiated to preserve bona fide trade secrets or other intangible property rights.

TEX.R. CIV. P. 76a(2). A "court record" may only be sealed after a public hearing held in accordance with the notice provisions of Rule 76a. TEX.R. CIV. P. 76a(3, 4). The party seeking to prevent public access to a "court record" may obtain a temporary sealing order on shortened notice with a showing of compelling need. TEX.R. CIV. P. 76a(5). Thereafter, to maintain the seal, the party must comply with the notice and hearing requirements of Rule 76a. See TEX.R. CIV. P. 76a(3, 4).

■ Before a trial court decides whether a Rule 76a hearing and order are necessary, it must determine whether the documents in question are "court records." *General Tire, Inc. v. Kepple,* 970 S.W.2d 520, 525 (Tex.1998). When a party moves for a protective order, the trial court need not consider whether the documents are "court records" unless requested to do so by one of the parties. *Id.* The court may, however, raise the issue on its own motion. *Id.* The burden of showing the documents are "court records" is on the party seeking to invoke the requirements of Rule 76a. *Upjohn v. Freeman,* 906 S.W.2d 92, 96 (Tex.App.-Dallas 1995, no writ).

■ If the documents are not "court records," the party seeking protection may move for a protective order under Rule 192.6. *See* TEX.R. CIV. P. 192.6. The trial court may then restrict access to the documents under Rule 192.6, rather than the more rigorous standards of Rule 76a. *Kepple,* 970 S.W.2d at 525. A protective order may be used to prevent invasion of personal, constitutional, or property rights. TEX.R. CIV. P. 192.6(b). A protective order may issue on a showing of a particular, specific and demonstrable injury. *Masinga v. Whittington,* 792 S.W.2d 940, 940 (Tex.1990). However, there is no requirement that the injury be balanced against the presumption of open access to court records as required by Rule 76a. *See Texans United Educ. Fund v. Texaco, Inc.,* 858 S.W.2d 38, 40 (Tex.App.-Houston [14th Dist.] 1993, writ denied).

■ We apply an abuse of discretion standard to review the trial court's grant or denial of protective order. *Kepple,* 970 S.W.2d at 526. Similarly, the trial court's determination that a document is or is not a "court record" and the grant or denial of a motion to seal under Rule 76a is reviewed for abuse of discretion. *Id.* Under that standard, we will not disturb the trial court's ruling unless it acted without reference to any guiding rules or principles or in a manner that is arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985); *Wood v. Moriarty,* 940 S.W.2d 359, 364 (Tex.App.-Dallas 1997, no writ); *Upjohn,* 906 S.W.2d at 95.

### Discussion

#### A. The April 4 Protective Order

■ The Robertses argue the 202 files are not "court records"; therefore, the trial court could enter grant a protective order without following the public notice and hearing requirements of Rule 76a. Interveners contend the 202 documents

became "court records" at the time they were tendered to the court as exhibits.

Interveners' argument is based on the Supreme Court Order regarding Rule of Civil Procedure 14(b), which states "exhibits *offered* or admitted into evidence shall be retained and disposed of by the clerk of the court in which the exhibits are filed ..." TEX.R. CIV. P. 14(b), cmt. "Supreme Court Order Relating to Retention and Disposition of Exhibits" (Vernon 2003) (emphasis added). Intervenors also argue Rule of Appellate Procedure 13.1 provides that the court reporter shall "take all exhibits *offered* during a proceeding and ensure that they are marked." TEX.R.APP. P. 13.1(b) (emphasis added).

However, neither Rule 14(b) nor appellate Rule 13.1 addresses when an exhibit is considered filed with the court. The Supreme Court Order commenting on Rule 14(b) outlines the procedure for withdrawing exhibits from the record and the notice required before the clerk may destroy exhibits. Appellate Rule 13.1 clarifies that it is the duty of the court reporter to mark exhibits that are tendered to the court. Neither rule states that *any* document tendered as an exhibit is considered "filed" with the court.

The 202 documents in this case may be compared to unfiled discovery tendered *in camera* to the court, which are not considered "court records" under Rule 76a. *See* TEX.R. CIV. P. 76a(2)(a)(1); *Kepple*, 970 S.W.2d at 526. However, the 202 files are not discovery documents. They were not in the custody of the party who sought to seal them, as is customarily the case. Roberts could not tender them *in camera* because he did not have custody of them. West did not tender them *in camera* because he wanted them in the record.

In the discovery context, the Texas Supreme Court has held that a party may tender a document *in camera* when necessary without converting the document to a "court record." "Were it otherwise, trial courts could not review the documents themselves in determining how to apply Rule 76a without requiring [the party] to relinquish the very relief sought under the rule." *Kepple*, 970 S.W.2d at 526. Generally, the party with custody of the documents is the party tendering them *in camera*. However, there should be no difference in application of the law when a movant requests the adverse party to tender documents *in camera* to allow the court to determine whether the requirements of Rule 76a apply. Otherwise, merely by tendering a disputed document, the party with custody of the documents can "trigger an elaborate, expensive process" that could "easily become a tool for delay and gamesmanship." *Kepple*, 970 S.W.2d at 524. If the moving party so requests and the trial court agrees to accept the documents at issue *in camera*, the documents should not be considered "court records" until the trial court has made that determination. *See id.*

Additionally, West, as the party opposing a sealing order, had the burden to show the documents were "court records." *Id.* at 525. No one at the initial hearing raised the issue of whether the 202 files were "court records." The trial court, therefore, had no duty to consider whether Rule 76a applied and was free to treat the documents as though they were not "court records." *See Texans United Educ. Fund*, 858 S.W.2d at 40 (Rule 76a not implicated where there is no showing that documents were court records and no indication that order was anything other than protective order).

We hold the trial court did not abuse its discretion by entering a protective order denying access to the 202 documents pending further order of the court. However, the language of the order does not clearly

reflect the ruling of the court. We modify the order of April 4, 2002 to clearly state that Exhibits 6 and 19–27 (the 202 files) and the information contained therein are protected from release to the public, not just the parties and their agents.

## B. The Temporary Restraining Order

█ At a hearing held April 10, 2002, the trial court considered the Robertses' motion for temporary restraining order seeking to prevent West from filing the proposed motion to unseal.[7] Roberts argued that the motion to unseal, as proposed, would reveal the very information the prior protective order was designed to guard. Roberts requested the trial court to: (1) order the return of all the allegedly stolen documents, (2) prohibit the disclosure of the contents or the perceived significance of the contents, (3) order the identification of every individual to whom the documents or a description of their contents had been given, and (4) set bond at $500. Stating that he was concerned about the graphic language in the motion to unseal, the judge made the following orders: (1) the TRO did not apply to the prior protective order, which remained in effect; (2) the parties were not to reveal the contents of the documents sealed by the prior order; (3) West was to return all the wrongfully obtained documents to Roberts; and (4) the District Clerk was to seal the entire file until further order.[8]

Unlike the initial protective order, the TRO sealed the entire record. Rule 76a provides a mechanism for obtaining a temporary sealing order which requires a motion and notice to the parties. Tex.R. Civ. P. 76a(5). It also requires a showing of compelling need from specific facts shown by affidavit or verified petition of immediate and irreparable injury which will result before notice can be posted and a hearing held under the regular provisions of 76a. *Id.* In this case, neither party requested the sealing of the entire record, no motion was filed, and no notice was given. Even though the TRO was only temporary, it did not comply with any of the requirements of Rule 76a. Accordingly, we hold the trial court abused its discretion by issuing a TRO sealing the entire record. However, as the trial court noted, the 202 documents continued to be properly sealed by the prior protective order.

## C. The Order Unsealing The Entire Record

█ In the order unsealing the entire record signed May 17, 2002, the trial court made two findings already addressed in this opinion:

1. That no valid sealing order was in place at the time the media requested access to the court's record; and

2. That the court records included all papers filed with the District Clerk and all exhibits offered or admitted into evidence during the course of hearings.

As we previously discussed, the protective order sealing the 202 documents is valid, and it was in place at the time the Express–News and Casey sought to review the court record. Additionally, the 202 documents were not "court records" subject to the requirements of Rule 76a. Thus, we note that two of the three findings on which the order is based are at least partially incorrect. We cannot presume the trial court would have reached

---

7. West's motion to unseal had been filed the morning of the hearing and was not set for hearing.

8. The TRO expired by its own terms in fourteen days; however, the sealing order was to remain in place pending further order of the court.

the same decision to unseal the entire record if it had applied the standards announced in this opinion;[9] therefore, we reverse the order unsealing the entire record and remand for further proceedings.[10]

■ In addition, the Robertses complain the May 17 order is invalid because the hearing was held before the required fourteen day period for public notice had passed. Appellees argue the Robertses waived their right to insist upon full notice because they agreed to proceed with the hearing. Because of the circumstances surrounding this particular case, we agree with the Robertses that the trial court should not have proceeded with the hearing before the public notice period elapsed.

■ In general, a party who has notice of the hearing and the opportunity to participate cannot complain of lack of notice. *Fox v. Doe*, 869 S.W.2d 507, 511 (Tex.App.-San Antonio 1993, writ denied) (intervenor was present in person or by representative at all hearings), *abrogated on other grounds, Kepple*, 970 S.W.2d at 526; *Public Citizen v. Ins. Serv. Office, Inc.*, 824 S.W.2d 811, 813 (Tex.App.-Austin 1992, no writ) (non-party had representative at hearing but did not participate). However, in this case, the non-parties who may be injured by revelation of the 202 documents did not have the benefit of the full notice period mandated by Rule 76a.

Rule 76a provides that "any person may intervene as a matter of right at any time before or after judgment to seal or unseal court records." Tex.R. Civ. P. 76a(7). Thus, the non-parties named in the 202 documents have a right to intervene to

protect their right of privacy as protected by both the United States and Texas Constitutions. *See Fox*, 869 S.W.2d at 511. The only required method of notifying non-parties of a Rule 76a hearing is the fourteen day public notice period provided in the rule. By holding a final hearing before the notice period expired, the trial court ignored the rights of non-parties specifically granted by Rule 76a. *See In re Temple-Inland, Inc.*, 8 S.W.3d 459, 463 (Tex.App.-Beaumont 2000, orig. proceeding) (discovery order which fails to protect privacy interests of non-parties ignores a compelling public interest manifested by the language of the discovery rules). Accordingly, we hold the trial court abused its discretion by requiring the hearing to proceed on only eight days notice.

### Conclusion

We hold the 202 documents are not "court records" subject to the requirements of Rule 76a; therefore, the protective order of April 4, 2002 is valid to seal those documents from public view. We modify the order to include the statement that "Plaintiffs' Exhibits 6 and 19–27 are sealed pending further order of the court." The order of April 4, 2002 is affirmed as modified. We hold the temporary restraining order of April 10, 2002 is overbroad and issued without reference to the requirements of Rule 76a. We reverse the sealing order of April 10, 2002. We further hold the order unsealing the entire record was made without proper public notice and that the trial court applied an improper sealing standard to at least some of the documents involved; therefore, the

**9.** For example, the test for unsealing the 202 documents does not require that the trial court balance the injury flowing from disclosure against the substantial interest in the openness of the courts. *See Masinga*, 792 S.W.2d at 940 (protective order may issue upon showing of particular and demonstrable injury).

**10.** We do not reach the issue of whether the Robertses presented sufficient evidence of injury to themselves to warrant sealing the record.

order of May 17, 2002 is reversed and the cause is remanded to the trial court for further proceedings. However, the record shall remain under seal pending further order of the trial court. Appellants Ted H. Roberts, Mary S. Roberts, and the Law Offices of Ted H. Roberts, P.C. shall recover their costs of this appeal from appellees San Antonio Express–News, Rick Casey, Robert V. West, III, Trustee, and the West Family Reserve Trust. *See* TEX. R.APP. P. 43.4.