MEMORANDUM OPINION


No. 04-06-00710-CV


Ted H. ROBERTS, Mary S. Roberts 

and The Law Offices of Ted H. Roberts, P.C.,

Appellants


v.


Ezekiel I and Robert V. West III, Trustee West Family Reserve Trust

and

THE STATE OF TEXAS and Hearst Corp. d/b/a San Antonio Express News, Intervenors (1)

Appellees


From the 408th Judicial District Court, Bexar County, Texas

Trial Court No. 2001-CI-17681

Honorable Richard E. Price, Judge Presiding



Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice


Delivered and Filed: September 12, 2007


AFFIRMED



 This appeal arises from the unsealing of records in the civil case of Ezekiel I and Robert V.
West, III Trustee West Family Reserve Trust v. Ted H. Roberts, Mary S. Roberts, and the Law Offices
of Ted H. Roberts ("the 2001 case"). Robert West, a plaintiff in the 2001 case, claimed the
Robertses misappropriated and/or mismanaged funds from the Ezekiel I investment partnership, and
he moved for a temporary injunction to prevent the Robertses from conducting any further business
with Ezekiel I funds while the lawsuit was pending. In the course of the 2001 case, the Robertses
alleged West wrongfully obtained certain documents from the Law Offices of Ted. H. Roberts
(hereinafter referred to as "the 202 Documents"), (2) and they filed a motion to compel the return of
the documents. On April 4, 2002, the trial court signed an Amended Order Granting [West's]
Motion for Temporary Injunction, which, among other relief, sealed the 202 Documents. On April
10, 2002, a hearing was held to consider the Robertses' motion for a temporary restraining order to
prevent West from filing a proposed motion to unseal the record. On April 10, 2002, the trial court
signed a Temporary Restraining Order and sua sponte ordered that the entire court record be sealed. 
At some point in time, the San Antonio Express News intervened in the 2001 case to obtain access
to the 202 Documents. Access was initially denied and then later granted, with the trial court
ordering that the entire record including the 202 Documents be unsealed. On appeal, a panel of this
court (1) held that the April 4, 2002 protective order sealing the 202 Documents was valid, with
certain modifications, to seal the documents from public view; (2) reversed that portion of the
temporary injunction sealing the entire record; and (3) remanded for further proceedings. See
Roberts v. West, 123 S.W.3d 436, 443 (Tex. App.--San Antonio 2003, pet. denied). However, this
court ordered that the entire record remain sealed pending further order of the trial court. Id. at 444. 
Thereafter, no court action occurred regarding the records until 2006 when the trial court heard the
State's plea in intervention, which is the subject of this appeal.

 In 2004, the San Antonio Express-News published an article about the Robertses, focusing
on the 202 Documents. Following publication of the article, the Bexar County District Attorney's
Office investigated and, on August 1, 2006, the grand jury returned theft indictments against the
Robertses. On August 14, 2006, the State of Texas, through the Bexar County District Attorney's
Office, intervened in the 2001 case, seeking to unseal all the records and alleging the records related
to and contained evidence "of certain crimes." The State contended it needed the records to prepare
and prosecute the criminal cases against the Robertses. The Robertses filed special exceptions and
a motion for protective order, asking that the 202 Documents be segregated from the other court
records and sealed. On September 5, 2006, a hearing was conducted, following which the trial court
overruled the special exceptions and ordered that all records, including the 202 Documents, be
unsealed. This appeal by the Robertses ensued.

PROTECTIVE ORDER

 In their first issue, the Robertses assert the trial court erred in reversing the protective order
sealing the 202 Documents. According to the Robertses, the trial court reversed "the protective order
rendered by" this court in its opinion in Roberts v. West because (1) the intervention addressed only
the sealing of records and not the protective order and (2) the 202 Documents are protected by a
protective order modified and affirmed by this court and cannot be unsealed under Texas Rule of
Civil Procedure 76a. (3)

 We first note that this court did not render any protective order in Roberts v. West. Instead, 
this court held that "the 202 documents are not 'court records' subject to the requirements of Rule
76a; therefore, the protective order of April 4, 2002 is valid to seal those documents from public
view." Roberts, 123 S.W.3d at 443. The Roberts court modified the April 4, 2002 order "to include
the statement that 'Plaintiffs' Exhibits 6 and 19-27 are sealed pending further order of the court.'" 
Id. In addition to our own opinion stating the 202 Documents remained sealed pending further order
of the trial court, Rule 76a provides that the court "that issues a sealing order retains continuing
jurisdiction to enforce, alter, or vacate that order." Tex. R. Civ. P. 76a.7. Therefore, the trial court
had the authority to reconsider the sealing of the 202 Documents.

 We apply an abuse of discretion standard to review a trial court's grant or denial of a
protective order. Clear Channel Commc'n, Inc. v. United States, 195 S.W.3d 129, 134 (Tex.
App.--San Antonio 2006, no pet.); Roberts, 123 S.W.3d at 440. In its order unsealing the records,
the trial court found "that no interested party has shown through sufficient evidence a specific,
serious and substantial interest which outweighs the presumption of openness of court records and
any probable adverse effect that sealing will have upon the general public health and safety." The
court also found that the April 4, 2002 injunction that sealed the 202 Documents was dissolved by
a November 7, 2002 order; "[t]herefore, [the 202 Documents] are no longer sealed by an Order of
the Court." Based upon these findings, the trial court ordered that all records, both the court records
and the 202 Documents, be unsealed "for the public."

 On appeal, the Robertses take issue with the court's finding that the November 7, 2002 order
dissolving the April 4, 2002 temporary injunction also dissolved the protective order contained
within the injunction. However, neither the April 4, 2002 injunction nor the November 7, 2002 order
are before this court on appeal. Therefore, we cannot conclude the trial court abused its discretion
when it determined that dissolution of the injunction also dissolved the protective order contained
within the injunction. Also, the Robertses do not challenge on appeal the trial court's finding that
"no interested party has shown through sufficient evidence a specific, serious and substantial interest
which outweighs the presumption of openness of court records and any probable adverse effect that
sealing will have upon the general public health and safety." This finding alone supports the trial
court's order unsealing the records. See Tex. R. Civ. P. 76a.1. (4)

ADEQUATE NOTICE

 In their second issue, the Robertses complain the trial court erred in conducting a Rule 76a
hearing without adequate notice. The State's plea in intervention seeking to unseal the records was
scheduled for hearing on August 30, 2006 at 8:30 a.m. The hearing was continued to September 5,
2006. According to the Robertses, this continuance, which the State contends was by agreement of
the parties, constitutes a failure of notice under Rule 76a. "In general, a party who has notice of the
[Rule 76a] hearing and the opportunity to participate cannot complain of lack of notice." Roberts,
123 S.W.3d at 443. Here, the Robertses appeared at and participated in the September 5 hearing;
thus, their argument is without merit.CONCLUSION

 We overrule the Robertses' issues on appeal and affirm the trial court's Order to Unseal
Court Records and Other Documents.


 Sandee Bryan Marion, Justice
1. Only the State of Texas and the San Antonio Express News are appellees in this appeal. Ezekiel I and Robert
V. West III, Trustee West Family Reserve Trust, plaintiffs in the underlying lawsuit, are not parties interested in the court
order at issue in this appeal.
2. The 202 Documents is a group of documents that includes both proposed pleadings and related factual
documents such as e-mails. The pleadings are a set of proposed petitions prepared by Ted Roberts, naming himself as
plaintiff and his wife Mary as a defendant along with other third parties. Among the related documents are draft
settlement agreements for the proposed defendants.


 
3. The Robertses also assert the trial court erred in reversing the protective order (1) because the "Intervention
addressed only the sealing of records ... [and] did not address the protective order at all. It is unlikely that the Intervenor
would have had standing to do so in any event." The Robertses do not expand on this contention or provide any
authoritative support for this contention; therefore, we do not consider this argument because it is not adequately briefed.
4. The Robertses also assert the trial court erred by refusing to consider the 202 Documents, which they contend
was evidence necessary to evaluate whether the 202 documents should be protected. We need not address this complaint
because it is not dispositive of the appeal. Tex. R. App. P. 47.1.