NUMBER 13-10-000590-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE JOHN DOE

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez
and Vela

Per Curiam Memorandum Opinion[1]

 

Relator, John Doe, filed a petition for writ of mandamus in the above cause on November 8, 2010, seeking to compel
the trial court to withdraw a protective order preventing the deposition of the
Most Reverend Edmond Carmody, D.D., the former Bishop of Corpus Christi.  The
Court requested and received a response to the petition for writ of mandamus
from the real parties in interest, the former Bishop Carmody, Wm. Michael
Mulvey, STL, D.D., Bishop of the Diocese of Corpus Christi, and his Successors
in Interest, a Corporation Sole; and the incorrectly named Roman Catholic
Diocese of Corpus Christi, a Corporation Sole.  We deny the petition for writ
of mandamus.

I.

Mandamus is an “extraordinary”
remedy.  In re Sw. Bell Tel. Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007)
(orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d 257, 259
(Tex. 2008) (orig. proceeding).  In order to obtain mandamus relief, the
relator must show that the trial court clearly abused its discretion and that
the relator has no adequate remedy by appeal.  In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135-36 (Tex. 2004)  (orig. proceeding); see In re
McAllen Med. Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding).
 A party has no adequate remedy by appeal to challenge a discovery order when
the party’s ability to present a viable claim or defense will be impaired by
the trial court’s error.  See, e.g., Able Sup. v. Moye, 898 S.W.2d 766,
771-72 (Tex. 1995) (orig. proceeding); In re Hinterlong, 109 S.W.3d 611,
633 (Tex. App.–Fort Worth 2003, orig. proceeding).

II.

A party can seek discovery of
unprivileged information that is relevant to the subject matter of the lawsuit,
including inadmissible evidence, as long as the request is reasonably
calculated to lead to the discovery of admissible evidence.  Tex. R. Civ. P. 192.3(a); In re CSX
Corp., 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding).  However, the
broad scope of discovery is limited by the legitimate interests of the opposing
party in avoiding overly broad requests, harassment, or the disclosure of
privileged information.  In re Am. Optical Corp., 988 S.W.2d 711, 713
(Tex. 1998) (orig. proceeding).

The rules of civil procedure permit
a party to take the deposition of “any person or entity.”  Tex. R. Civ. P. 200.1(a); see Crown
Cent. Petroleum Corp. v. Garcia, 904 S.W.2d 125, 127 (Tex. 1995)
(construing former rules of civil procedure); In re Celadon Trucking Servs.,
281 S.W.3d 93, 97 (Tex. App.–El Paso 2008, orig. proceeding).  Generally
speaking, a party to a suit has the right to depose the opposing party.  See
Mobile Oil Corp. v. Floyd, 810 S.W.2d 321, 323, 324 (Tex. App.–Beaumont
1991, orig. proceeding).  However, the person noticed for deposition also has
the right to protection “from undue burden, unnecessary expense, harassment,
annoyance, or invasion of personal, constitutional, or property rights.”  Tex. R. Civ. P. 192.6; Crown Cent.
Petroleum Corp., 904 S.W.2d at 127; Monsanto Co. v. May, 889 S.W.2d
274, 276 (Tex. 1994).  

This right to protection underlies
the “apex doctrine,” which applies when a party seeks to take the deposition of
a senior corporate official, and requires the party to show either that the
official has “unique or superior personal knowledge” of relevant facts or that “after
a good faith effort to obtain the discovery through less intrusive means, (1)
that there is a reasonable indication that the official’s deposition is
calculated to lead to the discovery of admissible evidence, and (2) that the
less intrusive methods of discovery are unsatisfactory, insufficient or
inadequate.”  In re Alcatel USA, Inc., 11 S.W.3d 173, 176 (Tex. 2000); see
Crown Cent. Petroleum Corp., 904 S.W.2d at 128; see also In re BP Prods.
N. Am., Inc., 244 S.W.3d 840, 843 (Tex. 2008) (orig. proceeding).  The apex
doctrine does not automatically apply to all depositions of high-ranking
corporate officers.  See, e.g., Boales v. Brighton Builders, Inc., 29
S.W.3d 159, 168 (Tex. App.–Houston [14th Dist.] 2000, pet. denied) (holding
that the apex doctrine does not apply when the person noticed for deposition
has “first-hand knowledge of certain facts”); Simon v. Bridewell, 950
S.W.2d 439, 442 (Tex. App.–Waco 1997, no writ) (holding that the apex doctrine “may
be invoked only when the deponent has been noticed for deposition because of
his corporate position,” the doctrine is “unavailable if less intrusive means
of discovery have already been employed,” and the doctrine “does not protect
named parties”).  

III.

In the instant case, relator
alleges that he is entitled to depose Carmody because Carmody is a defendant in
the underlying lawsuit and relator asserts individual causes action against
Carmody for intentional infliction of emotional distress and breach of
fiduciary duty based on Carmody’s actions at a meeting with relator in 2008.  Relator
also asserts that Carmody has knowledge regarding physical changes in the
physical premises where relator’s alleged sexual abuse took place and that
Carmody has personal knowledge of the potential existence of secret archives,
if any, or the destruction thereof.  Relator further alleges that he is
entitled to depose Carmody as former Bishop because he participated in meetings
of the National Conference of Catholic Bishops in 2002 and 2005 that were
“convened specifically to address the scandal of priests sexually abusing
children,” and Carmody has knowledge of the “patterns and practices” of the
Catholic Church.

By affidavit, Carmody testified
that the alleged incidents made the basis of this suit occurred before he
became the Bishop and he has “no personal knowledge of the alleged incidents.” 
The trial court issued a protective order preventing this deposition.  The
protective order does not state the grounds for which it was issued.  We will
uphold the trial court’s order on any ground supported by the mandamus record. 
See In re Vogel, 261 S.W.3d 917, 920 (Tex. App.–Houston 14th Dist. 2008,
orig. proceeding); Luxenberg v. Marshall, 835 S.W.2d 136, 141-42 (Tex.
App.–Dallas 1992, orig. proceeding).  We review the trial court’s decision in
entering the protective order under an abuse of discretion standard.  See
Roberts v. West, 123 S.W.3d 436, 443 (Tex. App.–San Antonio 2003, pet.
denied); Boales, 29 S.W.3d at 168.  

Based on the record currently
before the Court, relator has not shown that the trial court abused its
discretion in granting the protective order at issue.  The trial court had
before it conflicting evidence regarding alleged discovery abuse in connection
with the deposition at issue.  See In re Angelini, 186 S.W.3d 558, 560
(Tex. 2006) (holding that mandamus relief is not available when there are
factual disputes).  The trial court may have inferred, based on the pleadings,
the evidence, and the procedural posture of the case:  that relator named
Carmody as a party to avoid application of the apex doctrine, that the circumstances
underlying the deposition were harassing; and, additionally or alternatively,
that relator failed to meet the requirements of the apex doctrine.  In this
regard, we note that the evidence presented by relator regarding Carmody’s
alleged personal knowledge of facts pertaining to the lawsuit does not show
anything beyond mere relevance, and relator has not demonstrated or alleged
that he made a good faith effort to obtain the discovery he seeks through less
intrusive means.

IV.

On this record, at the present
time, we cannot say that the trial court abused its discretion in granting the motion
for protective order prohibiting the deposition.  See Roberts, 123
S.W.3d at 443.  As discovery in the case progresses, relator may return to the
trial court to request that the protective order be vacated or modified if future
good faith efforts to obtain the discovery sought prove inadequate.  

The Court, having examined and
fully considered the petition for writ of mandamus and appendix, the real
parties in interest’s response to the petition and supplemental mandamus
record, relator’s reply, and real parties in interests’ sur-response, is of the
opinion that relator has not, at the present time, shown himself entitled to
the relief sought.  Accordingly, the petition for writ of mandamus is DENIED.  See
Tex. R. App. P. 52.8(a).  

 

                                                                                                            PER
CURIAM

 

 

Delivered and filed the 10th

day of February, 2011.

                                                

 

                                                                                                

 









[1]
See Tex.
R. App. P. 52.8(d) (“When denying relief, the court may hand down an
opinion but is not required to do so.”); Tex.
R. App. P. 47.4 (distinguishing opinions and memorandum opinions).