

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00052-CV

TEXAS VOICES FOR REASON
AND JUSTICE, INC.

APPELLANT

V.

THE CITY OF ARGYLE, TEXAS;
THE CITY OF HICKORY CREEK,
TEXAS; THE CITY OF OAK POINT,
TEXAS; AND THE CITY OF
PONDER, TEXAS

APPELLEES

----------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 15-10761-211

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Texas Voices for Reason and Justice, Inc. ("TVRJ") filed a

"Motion to Seal Evidentiary Documents and for Protective Order" in the trial court.

---

[1]*See* Tex. R. App. P. 47.4.

*See* Tex. R. Civ. P. 76a, 192.6.  The trial court denied TVRJ's motion, and TVRJ perfected this interlocutory appeal raising two issues challenging the denial of its motion for a sealing order and the denial of its motion for a protective order, respectively.[2]  Because TVRJ's request for a temporary sealing order was premature, we will affirm the trial court's order denying it.  And, because TVRJ is not required to obtain a protective order before identifying its members by pseudonyms, we will affirm the trial court's order denying TVRJ's motion for a protective order, at this time, based on the record before us.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

TVRJ filed suit against Appellees The City of Argyle, Texas; The City of Hickory Creek, Texas; The City of Oak Point, Texas; and The City of Ponder, Texas, asserting a state-law claim under Article XI, Section 4 of the Texas constitution challenging the validity of sex-offender, residency-restriction ordinances ("SORROs") enacted by each Appellee.  TVRJ asserted it possessed associational standing to sue on behalf of its members for interim equitable relief, a declaratory judgment, a permanent injunction, and attorney's fees.  All Appellees filed pleas to the jurisdiction asserting that TVRJ lacked associational standing to sue on behalf of its members.

TVRJ filed a "Motion to Seal Evidentiary Documents and for Protective Order" explaining that TVRJ

---

[2]*See* Tex. R. Civ. P. 76a(8) (authorizing interlocutory appeal from any order relating to sealing or unsealing of court records).

is a domestic, nonprofit organization duly incorporated under Title 2, Chapter 22, *et seq.*, of the Texas Business Organizations Code. It has brought this suit on behalf of members of its organization who are required to register as "sex offenders" under Chapter 62 of the Texas Code of Criminal Procedure.

TVRJ's motion further explained that in order to adequately respond to Appellees' pleas to jurisdiction challenging TVRJ's associational standing, TVRJ would need to file evidence—including but not limited to affidavits from its members who are required to register under Chapter 62—in opposition to the allegations made the basis of some or all of Appellees' pleas to jurisdiction.[3]

TVRJ's motion further explained:

> [TVRJ] moves the Court to enter an order allowing it to file "under seal" evidentiary documents in response to the aforementioned plea to jurisdiction issues raised by Defendants Hickory Creek, Argyle and Ponder. Secondly, [TVRJ] moves the Court to enter a protective order prohibiting all Defendant-Parties, and their respective counsel, from disclosing any identifying information concerning any person named in the evidentiary documents to be filed by Plaintiff and shared by Plaintiff with all Defense Counsel, in response to the pleas to jurisdiction filed by Defendants Hickory Creek, Argyle[,] and Ponder.[4]

---

[3]TVRJ filed suit on December 28, 2015, and filed its "Motion to Seal Evidentiary Documents and for Protective Order" on January 22, 2016. The last plea to the jurisdiction was filed on February 12, 2016. A hearing on Appellees' pleas to the jurisdiction was set for February 17, 2016. The trial court conducted a February 5, 2016 hearing on TVRJ's motion and denied it on February 10, 2016.

[4]Although TVRJ's motion also sought permanent relief, TVRJ abandoned its claim for permanent relief at the hearing before the trial court.

3

Appellees filed a joint response to TVRJ's motion, and TVRJ filed a reply. After a hearing, the trial court signed an order denying TVRJ's motion in toto. *See* Tex. R. Civ. P. 76a(4), (6).

## III. STANDARD OF REVIEW

We review a trial court's denial of relief under Texas Rule of Civil Procedure 76a for an abuse of discretion. *See Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998). With respect to factual matters, a trial court abuses its discretion if, under the record, it reasonably could have reached only one decision, and it failed to do so. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). With respect to the application of the law, a trial judge has no discretion in determining what the law is or in applying the law to the undisputed facts, and a clear failure by the court to correctly analyze or apply the law will constitute an abuse of discretion. *See id.*

## IV. RULE 76A APPLIES ONLY TO COURT RECORDS

The special procedures of Rule 76a apply only to the sealing of "court records." *Kepple*, 970 S.W.2d at 524. Subject to certain limited exceptions, "court records" include "all documents of any nature filed in connection with any matter before any civil court." *Id.* at 523 (quoting Tex. R. Civ. P. 76a(2)). The language of Rule 76a does not authorize trial courts to apply Rule 76a before making the threshold determination of whether particular documents, like unfiled discovery, are court records subject to the rule. *Id.* at 521–22, 524 ("We hold that the district court erred in invoking Rule 76a's procedures before determining

4

whether General's documents were 'court records[]' and that the court abused its discretion in determining that the documents were 'court records.'"); *see also Roberts v. West*, 123 S.W.3d 436, 440 (Tex. App.—San Antonio 2003, pet. denied) ("Before a trial court decides whether a Rule 76a hearing and order are necessary, it must determine whether the documents in question are 'court records.'").

The record before us conclusively establishes that TVRJ did not tender to the trial court either in camera, at the hearing on its motion, or otherwise, the documents that TVRJ claims constitute "court records." *See In re Coastal Bend Coll.*, 276 S.W.3d 83, 87 (Tex. App.—San Antonio 2008, no pet.) (recognizing that "a party must be allowed to tender a document in camera when necessary without converting the document to a 'court record' . . . . otherwise, trial courts could not review the documents themselves in determining how to apply Rule 76a without requiring [the party] to relinquish the very relief sought under the rule"). Instead, TVRJ's motion requested that the trial court "enter an order allowing it to file 'under seal' evidentiary documents in response to" Appellees' pleas to the jurisdiction. While the affidavits TVRJ claims it will be required to attach to its responses to Appellees' pleas to the jurisdiction would almost certainly qualify as court records as that term is defined in Rule 76a(2), no authority exists authorizing a sealing order requiring documents not yet filed or tendered in camera to the trial court. *See* Tex. R. Civ. P. 76a(1), (2), (5); *Kepple*, 970 S.W.2d at 523; *Roberts*, 123 S.W.3d at 440.

5

Because Rule 76a(5) does not permit the prospective issuance of a temporary sealing order without a review of and a determination that the actual records requested to be sealed are in fact court records, we hold that the trial court did not abuse its discretion by denying TVRJ's motion to seal evidentiary records. We overrule TVRJ's first issue.

### V. PROTECTIVE ORDER NOT REQUIRED TO AVOID NAMING TVRJ MEMBERS

If documents are not "court records," the party seeking protection may move for a protective order under Rule 192.6. *See* Tex. R. Civ. P. 192.6; *Roberts*, 123 S.W.3d at 440. The trial court may then restrict access to the documents or information under Rule 192.6, rather than the more rigorous standards of Rule 76a. *Kepple*, 970 S.W.2d at 525 (reversing judgment of court of appeals that upheld trial court order denying sealing and remanding case to district court "for sole purpose of reinstating protective order"). A protective order may be used to protect the movant from "harassment, annoyance, or invasion of personal, constitutional, or property rights." *See* Tex. R. Civ. P. 192.6(b). A protective order may issue on a showing of a particular, specific, and demonstrable injury. *Masinga v. Whittington*, 792 S.W.2d 940, 940 (Tex. 1990). There is no requirement, however, that the injury be balanced against the presumption of open access to court records as required by Rule 76a. *See Roberts*, 123 S.W.3d at 440 (citing *Texans United Educ. Fund v. Texaco, Inc.*, 858 S.W.2d 38, 40 (Tex. App.—Houston [14th Dist.] 1993, writ denied), *cert. denied*, 516 U.S. 811 (1995)).

6

TVRJ moved for "a protective order prohibiting all [Appellees and their counsel] from disclosing any identifying information concerning any person named in the evidentiary documents to be filed by [TVRJ] and shared by [TVRJ] with [Appellees and their counsel]." The trial court stated on the record at the hearing on TVRJ's motion for a sealing order and protective order that TVRJ's attorney "represent[s] the plaintiffs in this case. They brought the lawsuit. They're not being compelled in order to provide a defense mechanism to a lawsuit that someone else brought." But in fact TVRJ is the plaintiff, not TVRJ's individual members; TVRJ asserts associational standing to bring suit on behalf of its members. An association's assertion of associational standing does not preclude a protective order concerning the name of one or more of its members who individually possess standing in their own right for purposes of establishing associational standing.[5]

In fact, even a named plaintiff (as opposed to a member of an association that is named as a plaintiff under the associational-standing doctrine, like TVRJ here) may proceed under a pseudonym in certain circumstances. *See, e.g.*, *Does I Through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 (9th Cir.

---

[5]To establish associational standing, TVRJ must show that (1) at least one of its members would have standing to sue on their own behalf, (2) the interests it seeks to safeguard are germane to the organization's purpose, and (3) neither the claim asserted nor the requested relief necessitate the participation of individual members. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343, 97 S. Ct. 2434, 2441 (1977).

2000) ("Article III's standing requirement does not prevent a court from allowing plaintiffs to proceed anonymously simply because plaintiffs seek to protect themselves from retaliation by third parties."); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (recognizing that although lawsuits are generally public events and the public has a legitimate interest in knowing pertinent facts, including party names, courts have allowed parties to use fictitious names under special circumstances, particularly when necessary to protect privacy); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (allowing pregnant plaintiffs challenging abortion regulations to proceed under pseudonyms); *Topheavy Studios, Inc. v. Doe*, No. 03-05-00022-CV, 2005 WL 1940159, at *7 (Tex. App.—Austin Aug. 11, 2005, no pet.) (mem. op.) (recognizing trial court order allowing plaintiff Doe to proceed under pseudonym did not hinder defendant's ability to prepare a defense because order "specifically allows for full discovery and states that Doe's true name may be used in depositions and in the investigation of the case as long as her name is given only to those individuals who must know her name in order to fully participate in the investigation," thus preventing the disclosure of Doe's true name only to the media or in any public forum); *Mother & Unborn Baby Care of N. Tex., Inc. v. Doe*, 689 S.W.2d 336, 337 (Tex. App.—Fort Worth 1985, writ dism'd) (explaining pregnant and unmarried women used pseudonyms in filing suit against entity that they believed, after consulting Yellow Pages, performed abortions).

And finally, authority exists that for the purposes of establishing associational standing, TVRJ may initially file documents identifying the members of its organization that possess standing by pseudonyms.[6] *See Fla. Action Comm., Inc. v. Seminole Cty.*, No. 6:15-cv-1525-Orl-40GJK, 2016 WL 6080988, at *2–3 (M.D. Fla. Oct. 18, 2016) (order).[7] In *Florida Action Committee*, suit was brought by an association called the Florida Action Committee (FAC)—a voluntary membership organization that seeks to reform Florida's sexual-offender laws and registry—challenging Seminole County's SORROs. *Id.* at *1. FAC identified its individual members who possessed standing under the first prong of the *Hunt* associational-standing test by the names Does #1–4. *Id.* When Seminole County sought discovery of the identity of Does #1–4, FAC filed a

---

[6]During oral argument, TVRJ's counsel clarified for the court that through TVRJ's "Motion to Seal Evidentiary Documents and for Protective Order," it ultimately sought the ability to file affidavits that used initials to identify its members with individual standing, to proceed in the litigation by identifying such members by initials, and to limit disclosure of such members' names and personal information to the attorneys involved in this suit.

[7]Further authority for this proposition stems from the Supreme Court's recognition that compelled disclosure of membership lists of groups engaged in advocacy may constitute a restraint on freedom of association. *See NAACP v. Alabama*, 357 U.S. 449, 462, 78 S. Ct. 1163, 1171 (1958); *see also Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139–40 (E.D.N.Y. 2013) (explaining that in considering whether to compel disclosure, the relevant inquiry is whether the party seeking to limit disclosure has made a prima facie showing that articulates "some resulting encroachment on their liberties," shifting the burden to the other side "to demonstrate the necessary compelling interest in having discovery") (quoting *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1355 (2d Cir. 1989), *cert. denied*, 495 U.S. 947 (1990)).

motion for protective order[8] to prohibit the public disclosure of the Does' identities, and the magistrate judge denied it. *Id.* The case came before the district court on FAC's objections to the magistrate judge's order. The district court noted that different standards apply in determining whether a party, as opposed to a nonparty witness (like the Does), may proceed under pseudonyms. *Id.* at *2. Ultimately, because FAC did not come forward with evidence at the hearing on its motion for protective order that the Does *themselves* faced a threat of violence, the district court upheld the magistrate judge's ruling denying FAC's motion for a protective order. *Id.* at *3 ("FAC produced no evidence indicating that the Does *themselves* faced a threat of violence.").

Applying this law to the present facts, TVRJ may identify its members as necessary for the purposes of establishing associational standing by pseudonyms, initials, or fictitious names. *See id.* at *2–3 (voluntary membership organization that sought to reform Florida's sexual offender laws and registry brought suit in its name under doctrine of associational standing and identified individual members with standing as Does #1–4); *see also, e.g.*, *Topheavy Studios, Inc.*, 2005 WL 1940159, at *7 (allowing adult plaintiff to proceed under

---

[8]FAC's motion for a protective order was filed pursuant to Federal Rule of Civil Procedure 26, which permits a district court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Texas Rule of Civil Procedure 192.6(b) contains a provision virtually identical to Federal Rule of Civil Procedure 26(c)(1). Tex. R. Civ. P. 192.6(b) (authorizing trial court to issue a protective order to "protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights").

10

pseudonym to enjoin video game manufacturer from using topless video of her obtained when she was a minor); *Mother & Unborn Baby Care*, 689 S.W.2d at 337 (allowing pregnant and unmarried women to proceed under pseudonyms in suit against entity that they believed, after consulting Yellow Pages, performed abortions). If or when Appellees seek discovery of the identity of such members, consideration of a motion for protective order will be ripe for disposition by the trial court.[9] But based on the record before us—and as the issue was presented to the trial court—we cannot say that the trial court abused its discretion by denying TVRJ's motion for a protective order at the present time. We overrule TVRJ's second issue.

## VI. CONCLUSION

Having overruled TVRJ's two issues, we affirm the trial court's February 10, 2016 "Order Denying Plaintiff's Motion to Seal Evidentiary Documents and for Protective Order."

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: March 30, 2017

---

[9]In fact, the trial court astutely limited its ruling denying TVRJ's motion for protective order to the specific facts presented. The trial court stated on the record, "*So without prejudice to any other hearing in regard[] to a protective order* [with] regards to the relief requested today . . ., I will deny the protective order requested in this matter." [Emphasis added.]

11