**Kym FOX, Appellant,**

v.

**John DOE and Jane Doe, Individually and as Next Friends of Anonymous Minor Child, Appellees.**

**No. 04–93–00194–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 24, 1993.

Rehearing Denied Jan. 10, 1994.

---

Scott M. Bage, Bustamante & Bage, and Richard Tinsman and Bernard Wm. Fischman, Tinsman & Houser, Inc., San Antonio, for appellant.

Mark J. Cannan, Lang, Ladon, Green, Coghlan & Fisher, P.C., San Antonio, for appellees.

Before CHAPA, C.J., and BUTTS and RICKHOFF, JJ.

## OPINION

BUTTS, Justice.

The intervenor appeals an order sealing court records. *See* TEX.R.CIV.P. 76a. We affirm.

An employee of a corporation committed a sexual offense against a minor child. The child's parents reached a settlement with the corporation, the employee, and their insurance carrier. But because the child could not sign a release due to her minority, the parents brought a "friendly suit" as "John and Jane Doe" individually and as next friends of the child against "Anonymous Corporation" and "Anonymous Employee." The court appointed a guardian ad litem to represent the interests of the minor child.

The court signed a judgment approving the settlement, which provided an annuity for the child. The Does' attorney filed an agreed motion for a temporary sealing order to seal the judgment. Rule 76a(5). The court granted the motion in an October 9, 1992 order and set a rule 76a(4) hearing for October 28. Kym Fox intervened on October 27. *See* TEX.R.CIV.P. 76a(3) ("any person may intervene . . . ."). Fox is a reporter for the San Antonio Express–News, and her regular beat includes coverage of judicial proceedings at the county courthouse. She learned of this suit during one of her routine searches of new cases in the district clerk's computer.

The Does' attorney filed an amended motion to seal the records accompanied by his affidavit. The affidavit stated in part:

The operative facts of this suit involve alleged acts of sexual misconduct which was [sic] committed in the presence of the minor Plaintiff while she was a customer at the retail establishment operated by the anonymous corporate Defendant. Such alleged sexual misconduct was perpetrated upon the minor Plaintiff by a person who was an employee of the Defendant corporation. To identify the minor Plaintiff or her parents would cause irreparable damage to the minor Plaintiff if any publicity whatsoever resulting [sic] from the same which revealed the victim's name or the name of her parents. In addition, if the terms of the Judgment were revealed, this would also cause irreparable damage to the minor Plaintiff.

At the hearing, the court heard testimony from Fox who testified to her concern, as both a citizen and journalist, in monitoring the records of the Bexar County trial courts. Dennis McKnight, first assistant district attorney, also testified. McKnight described the policies of the district attorney's office in shielding the identities of sexual assault victims. These were the only witnesses. The trial court signed an order on December 3, noting that the child's guardian ad litem had not made an appearance in the proceedings to seal the records and allowing him to file a

motion to seal. The order also continued the temporary sealing order in effect.

The ad litem filed a motion asking that any portions of the judgment identifying the terms of the settlement or the names of the minor or her family members be permanently sealed. The motion alleged that the sealing is essential to preserve the right of privacy of the minor and that the request for sealing is narrowly tailored to serve that interest. The ad litem urged that, if necessary, a judicial exception to rule 76a be adopted to protect the privacy interests of the minor and her family members.

No further testimony was offered at the subsequent hearing on the ad litem's motion to seal. On February 26, 1993, the trial court granted in part the ad litem's motion. The court ordered that only the names of the minor and her parents be redacted from all papers in the cause but that the remainder of the judgment be made public, including the terms of the settlement and the name of the annuity company. The court ordered all portions of the judgment sealed, including those ordered to be made public, until a final ruling on appeal is delivered.

Fox brings 15 points of error; the first 12 involve alleged procedural irregularities, and the remaining three challenge the sufficiency of the evidence in support of the order. The ad litem in a cross-point argues that the court erred in not redacting the identities of the corporation and the insurance company that furnished the annuity as part of the settlement.

### Procedural Points

"The sealing of a record must meet the procedural prerequisites set forth in Rule 76a . . . ." *Davenport v. Garcia*, 834 S.W.2d 4, 24 (Tex.1992). Fox complains of numerous procedural irregularities, many involving the preliminary orders. The Does argue that any errors relating to these temporary orders are moot because Fox failed to appeal them. We agree.

■ Paragraph 8 of rule 76a provides that *any* order or portion of an order relating to sealing court records is deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing. Fox had no standing to challenge the October 9 order because she did not participate in that hearing. And she may not challenge the December 3 order in this appeal because she failed to appeal it. We therefore overrule her points of error 1, 2, 4–6, 8, 9, 11, and 12, which challenge these preliminary orders.

Fox's remaining procedural complaints set out in her points 3, 7, and 10 concern the February 26 order. She contends first that the court improperly sealed the judgment in the friendly suit, and second, that it erred in sealing records absent the motion of a party and without meaningful notice that identified the party-movant and provided a specific description of the nature of the case.

The first paragraph of rule 76a prohibits the sealing of the court order or opinion issued in the adjudication of a case. The court's order, however, redacts only the names of the Does and their child. The order is not otherwise sealed. If the Does have met the balancing test of rule 76a(1), which we will later consider, it was proper to unseal the judgment but for the names of the plaintiffs.

■ Fox complains that movants did not provide meaningful notice to the public of the nature of the case, the identity of the movants, and the records sought to be sealed. Rule 76a(3) requires notice containing a specific description of the nature of the case and the identity of the movant. The Does' motion to seal the records stated:

> This is a case involving alleged acts of sexual misconduct by the ANONYMOUS EMPLOYEE toward the minor Plaintiff at the time she was a customer at ANONYMOUS CORPORATION'S retail establishment. . . .

The ad litem attached to his notice a copy of his motion to seal and posted the notice as required by rule 76a. His motion stated that the anonymous movants are "seeking to protect the identity of the minor victim of sexual abuse . . ." and that sealing the records as requested is necessary to preserve the minor's right of privacy. These notices were as full and as meaningful as possible consistent

with protecting the identities. Further, Fox had notice of and participated, personally or through counsel, in every hearing from the time of her intervention. She cannot complain that she was harmed by insufficient notice. *Lassiter v. Bliss,* 559 S.W.2d 353, 359 (Tex.1977).

■ The motions to seal the records were filed by the Does' attorney. There is no question but that the attorney filed the motions on behalf of his clients. The guardian ad litem's motion was made on behalf of the minor child. Fox argues that records may be sealed only on a party's written motion. TEX.R.CIV.P. 76a(3). The motions by the attorneys were sufficient because they were made on behalf of their clients or ward. *See* TEX.R.CIV.P. 7, 44, 173.

The essence of Fox's procedural arguments is that the minor, and any other sexual assault victims, cannot obtain a sealing order concealing their identities without first disclosing the very information sought to be sealed. Even her argument that the judgment cannot be sealed implies that no word in the judgment, including the parties' names, may be redacted.

■ Rule 76a cannot be read to mandate such disclosure. Once privileged matters are disclosed, the privilege is waived. *See Jordan v. Court of Appeals,* 701 S.W.2d 644, 649 (Tex.1985). An individual's right of privacy is protected in both the United States and Texas Constitutions. *See Griswold v. Connecticut,* 381 U.S. 479, 485, 85 S.Ct. 1678, 1682, 14 L.Ed.2d 510 (9165); *Texas State Employees Union v. Texas Dep't of Mental Health & Mental Retardation,* 746 S.W.2d 203, 205 (Tex.1987). Sexual assault victims have been permitted to conceal their identities. *See* Lloyd Doggett & Michael J. Mucchetti, *Public Access to Public Courts: Discouraging Secrecy in the Public Interest,* 69 TEX.L.REV. 643, 673 (1991) [hereinafter Doggett & Mucchetti]. Indeed, an earlier

version of rule 76a specified four protected interests including privacy rights, the identity of a sexual assault victim, and constitutional rights. Doggett & Mucchetti, *supra* at 668 n. 117. This list of protected interests was removed in order to encourage courts to apply the balancing test rather than to summarily authorize secrecy for any document falling within the listed categories. *Id.* Yet, assuming the balancing test is met, these vital interests may be protected from public disclosure by rule 76a.

We overrule Fox's third, seventh, and tenth points of error.

### Evidentiary Points

■ Court records "are presumed to be open to the general public." TEX.R.CIV.P. 76a(1). Court records ... may be sealed only upon a showing of all of the following:

> (a) a specific, serious and substantial interest which clearly outweighs:

> (1) this presumption of openness;

> (2) any probable adverse effect that sealing will have upon the general public health or safety;

> (b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

*Id.* The movant has the burden of proof to establish each of the required showings by a preponderance of the evidence. *Upjohn v. Freeman,* 847 S.W.2d 589, 591 (Tex.App.— Dallas 1992, no writ); Doggett & Mucchetti, *supra* at 655–56.

■ We review the trial court's ruling under the sufficiency of the evidence standards. "[R]ather than according broad discretion to the trial court, the Rule delineates clear standards for sealing determinations. The decision whether to seal is a legal one reviewed on appeal under legal and factual sufficiency standards." Doggett & Mucchetti, *supra* at 683.[1]

---

1. In reviewing a legal insufficiency point of error, we consider only the evidence and inferences that support the challenged finding, and we disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *In re Kings's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). In considering a factual insufficiency finding, we consider and weigh all the evidence and reverse for a new trial only if the challenged finding is so against the overwhelming weight of the evidence as to be clearly wrong

Non-disclosure of the names of the parties will have no adverse effect on the public health and safety. This is not a case, for example, in which information concerning an allegedly defective or harmful product is being withheld. *See, e.g., Chandler v. Hyundai Motor Co.,* 829 S.W.2d 774, 775 (Tex. 1992); *Eli Lilly & Co. v. Marshall,* 829 S.W.2d 156, 156–57 (Tex.1991); *Upjohn,* 847 S.W.2d at 590. Further, there can be no less restrictive means than redacting only the names of the plaintiffs from the judgment that will adequately and effectively protect the specific interest asserted. We are thus left to determine whether a specific, serious and substantial interest in sealing the records clearly outweighs the presumption of openness of the records.

The specific, serious, and substantial interest asserted by the minor plaintiff is the right to privacy—specifically, the right of a sexual assault victim to conceal her identity. As we have noted, privacy interests are constitutionally protected.

It is significant that the victim in this case is a minor who was involuntarily thrust into the judicial process. If she had been an adult, she would have been able to reach a settlement without judicial aid. The matter would have remained a purely private one between the victim and her assailant's employer and its insurance carrier. But because the minor could not sign a release, this friendly suit was required to enable a guardian ad litem and a judge to scrutinize and approve the proposed settlement in order to protect the minor's interest.

> The individual does not forfeit all right to control access to intimate facts concerning his personal life merely because the State has a legitimate interest in obtaining that information. Just as the State's intrusion into the individual's zones of privacy must be carefully limited, so must the State's right to reveal private information be closely scrutinized as well.

*Industrial Foundation of the South v. Texas Indus. Accident Bd.,* 540 S.W.2d 668, 679 (Tex.1976). Rule 76a requires the balancing of "the needs of the public against the asserted interest of the party seeking secrecy...."

and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176

Doggett & Mucchetti, *supra* at 656. In such cases which would, but for the victim's minority, remain purely private, the presumption of openness and the public's need to know do not outweigh the victim's compelling interest in maintaining her privacy when the uncontradicted evidence states that disclosure would cause her irreparable damage.

Rule 76a(4) provides that the court may determine a motion to seal in accordance with the procedures prescribed by TEX. R.CIV.P. 120a. The court may base its determination on the pleadings, any stipulations of the parties, affidavits and attachments filed by the parties, discovery results, and oral testimony. TEX.R.CIV.P. 120a(3). The court reviewed the pleadings and the uncontradicted affidavit, and heard the testimony. The court determined that the harm resulting to the privacy of the minor and her family clearly outweighs the public interest in learning their identities. We hold that there was sufficient evidence, both legally and factually, to support the court's judgment.

### Cross–Point

The Does argue that the trial court erred in failing to redact the names of the anonymous corporation and the insurance company that furnished the annuity purchased as a portion of the child's structured settlement. They do not attempt to articulate an interest in nondisclosure on behalf of the corporation or insurance company. They argue, however, that if Fox learns their identities, she may be able to determine the name of the employee who committed the sexual affront and from that information discover the identities of the minor and the Does.

The Does concede that the offender has not been charged and that he apparently will not be charged. Fox testified that if given the name of the *offender,* she could learn the names of the Does and their child. But she testified that if she knew the name of the anonymous corporation she *might* be able to discover their names. The Does have not shown that redacting the names of the corpo-

(Tex.1986).

ration and the insurance company is essential to protect the privacy of the minor child.

The judgment is affirmed.