# IN THE SUPREME COURT OF TEXAS

No. 19-0673

HOUSECANARY, INC. F/K/A CANARY ANALYTICS, INC., PETITIONER,

V.

TITLE SOURCE, INC., REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, AND
HOUSTON FORWARD TIMES, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

**Argued October 27, 2020**

JUSTICE BUSBY delivered the opinion of the Court in which JUSTICE GUZMAN, JUSTICE LEHRMANN, JUSTICE BOYD, JUSTICE DEVINE, and JUSTICE BLACKLOCK joined.

CHIEF JUSTICE HECHT filed an opinion concurring in the judgment, joined by JUSTICE BLAND.

JUSTICE HUDDLE did not participate in the Court's decision.

In this case, we consider whether the Texas Uniform Trade Secrets Act (TUTSA) provides a separate pathway for sealing court records to which Texas Rule of Civil Procedure 76a does not apply. The trial court denied a motion to seal brought under Rule 76a, then granted a motion to reconsider that relied exclusively on section 134A.006a of TUTSA. *See* TEX. CIV. PRAC. & REM. CODE § 134A.006a.

We hold that TUTSA displaces some provisions of Rule 76a but does not provide an independent, self-contained pathway for sealing court records. Because the trial court failed to

apply the non-displaced provisions of Rule 76a in ruling on the motion to reconsider, it abused its discretion in granting that motion, and we affirm the portion of the court of appeals' judgment that reverses the sealing order. We remand for the trial court to exercise its discretion under the applicable provisions of both TUTSA and Rule 76a.

## BACKGROUND

HouseCanary, Inc. makes technology that estimates the current and future value of residential real estate. HouseCanary entered into a licensing agreement that allowed Title Source, Inc. to evaluate and ultimately use HouseCanary's appraisal technology. The parties later disputed the terms of the agreement, and Title Source sued for breach of contract, claiming HouseCanary failed to deliver what it promised. HouseCanary asserted counterclaims including misappropriation of its trade secrets, alleging Title Source used HouseCanary's technology to build derivative products in violation of the licensing agreement.

Anticipating that the litigation might require production and use of confidential, proprietary, or private information, the parties agreed to, and the trial court signed, a stipulated protective order. This order, which was issued under Rule of Civil Procedure 192.6(b) and TUTSA section 134A.006, allowed the parties to designate material for protections limiting access and use. TUTSA lists several protective measures that such orders may include, and the order incorporated most of the suggested measures. *See* TEX. CIV. PRAC. & REM. CODE § 134A.006(a) ("There is a presumption in favor of granting protective orders to preserve the secrecy of trade secrets . . . [, which] may include provisions limiting access to confidential information . . . , sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.").

2

In particular, the order required parties who received material designated for protection to store and maintain that material securely and limit access only to those specified in the protective order, effectively mandating non-disclosure in other circumstances. Whether material was designated as "confidential" or "highly confidential–attorneys' eyes only" determined who could access the material, with "confidential" information being more easily accessible to employees of counsel and experts employed by a party or its competitor. The order allowed one party to challenge the other's designation of material as highly confidential and move the trial court for approval to disclose that material. The protective order also operated as a temporary sealing order under Rule 76a(5). When protected material was filed under temporary seal, a party seeking to keep the material confidential could file a motion under Rule 76a within five business days to make the sealing permanent.

Trial concluded with jury findings in favor of HouseCanary, including that Title Source misappropriated HouseCanary's trade secrets.[1] Seven weeks later, HouseCanary filed a Rule 76a motion to seal thirty trial exhibits and posted a notice of public hearing. In response to HouseCanary's motion, Title Source provided record citations showing that all but one of the exhibits had been freely discussed in open court—including by HouseCanary itself—and the remaining exhibit duplicated other material used in open court. TitleSource also argued that the motion did not meet several of Rule 76a's requirements. Two media organizations—the Reporters

---

[1] The trial court signed a judgment on the verdict, Title Source appealed, and the court of appeals reversed and remanded on various grounds, including what it held was an improper jury instruction on liability for misappropriation. *Title Source, Inc. v. HouseCanary, Inc.*, 612 S.W.3d 517, 532 (Tex. App.—San Antonio 2020, pet. filed). The court of appeals did conclude, however, that sufficient evidence supported the finding of trade secrets held by HouseCanary. *Id*. at 529. The parties have filed petitions seeking our review, but neither raises issues bearing on the sealing order at issue here. *HouseCanary, Inc. v. Title Source, Inc.*, No. 20-0683 (Tex. filed Nov. 12, 2020). We express no view on the issues raised in those petitions.

Committee for Freedom of the Press and the Houston Forward Times—intervened and joined Title Source in opposing the motion. The trial court held a hearing and subsequently denied HouseCanary's motion to seal.

HouseCanary moved to have the trial court reconsider sealing, this time limiting the request to eight exhibits and raising TUTSA as the sole basis for sealing. The trial court granted the motion to reconsider under TUTSA and asked HouseCanary to draft an order sealing the eight exhibits. HouseCanary's draft order added six more exhibits that it had not moved to seal. Title Source objected to this addition, but the trial court signed the order as drafted.

Title Source appealed the trial court's decision to seal the exhibits and a panel of the court of appeals reversed. 603 S.W.3d 829, 841 (Tex. App.—San Antonio 2019). A majority of the panel held that the trial court abused its discretion in granting the motion to reconsider because HouseCanary did not comply with the procedural and substantive requirements of Rule 76a, which the parties had agreed to follow in their stipulated protective order. *Id.*

The majority first addressed whether it had jurisdiction over the appeal. *Id*. at 834. Title Source contended that jurisdiction was proper under Rule 76a(8), which provides:

> Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order.

TEX. R. CIV. P. 76a(8). HouseCanary resisted jurisdiction, pointing out that its motion to reconsider was based entirely on TUTSA, which provides that it controls over the Rules of Civil Procedure to the extent of any conflict. In HouseCanary's view, Rule 76a creates a comprehensive scheme with burdens and presumptions, notice procedures, and appellate rights, and everything about that scheme is incompatible with TUTSA. The majority disagreed, concluding it had

4

jurisdiction because the trial court's order related to sealing court records and TUTSA was silent on the question of immediate appeals, so there was no conflict. 603 S.W.3d at 835.

The majority then looked to the parties' stipulated protective order to decide whether the trial court erred in ordering sealing. It saw the order as the parties' and trial court's means of implementing TUTSA section 134A.006(a), which includes a presumption favoring such orders. *Id.* at 840. TUTSA requires trial courts to preserve trade secrets by reasonable means, and the majority concluded that the stipulated protective order provided those means, which included incorporating Rule 76a's standards and procedures for the parties to follow when seeking to seal exhibits at trial. *Id.* The majority held that the trial court abused its discretion when it granted the motion to reconsider sealing without applying those standards and procedures, which did not conflict with TUTSA. *Id.* at 841.

A concurring justice focused on HouseCanary's and the trial court's failure to comply with other aspects of the protective order. *Id.* at 842 (Marion, C.J., concurring). The concurring justice reasoned that the trial court satisfied its TUTSA obligation to take reasonable measures to preserve trade secrets by signing the stipulated protective order. *Id.* In addition to incorporating Rule 76a, the order provided procedures for protecting trial testimony from public disclosure and required a separate agreement or order to govern the use of designated protected material at trial. *Id.* Because the exhibits were publicly disclosed when HouseCanary used them in open court without obtaining an order to preserve their secrecy, the concurring justice concluded that the trial court erred in sealing them retroactively. *Id.* at 843.

We granted HouseCanary's petition for review.

5

Understanding the procedural context that frames the parties' arguments is essential to the proper disposition of this appeal. The key procedural facts are these: HouseCanary filed a post-trial motion under Texas Rule of Civil Procedure 76a to seal thirty exhibits used at trial, eight of which it argued contained trade secrets. Title Source and two intervening media organizations opposed the motion, which the trial court denied after a hearing.

Because Rule 76a(7) prohibits motions for reconsideration "without first showing changed circumstances materially affecting the order," HouseCanary filed a motion for reconsideration that expressly did not renew its arguments under Rule 76a. Instead, HouseCanary "relie[d] solely" on TUTSA, arguing that it provides a statutory basis for sealing the eight exhibits that "supersedes Rule 76a." This time, the court granted the motion and also gave HouseCanary more relief than it requested, ordering a total of fourteen exhibits sealed.

Title Source appealed under Rule 76a(8), and the court of appeals majority held that the trial court "abused its discretion when it . . . ordered exhibits sealed without application of the Rule 76a standards and procedures." *Title Source*, 603 S.W.3d at 841. HouseCanary challenges this holding, arguing that TUTSA's broad mandate to preserve alleged trade secrets provides an independent mechanism for sealing that conflicts with and thus displaces Rule 76a. Title Source responds that TUTSA and Rule 76a are complementary and largely address different subjects: TUTSA sets the standard by presuming that protective orders should be granted to preserve trade secrets, while Rule 76a provides the specific procedures that govern sealing.

For the reasons explained below, we conclude that HouseCanary is partially correct. But many of Rule 76a's provisions are not in conflict with TUTSA, which does not address sealing

6

procedures at all.  Thus, TUTSA does not provide a separate, self-contained pathway—independent of Rule 76a—for seeking and ordering the sealing of court records.  If it did, we would be without jurisdiction to consider HouseCanary's petition for review, which stems from an appeal of the trial court's sealing order as authorized by Rule 76a(8).

Because the trial court concluded otherwise and did not apply the non-displaced provisions of Rule 76a in ruling on HouseCanary's motion to reconsider, we hold the court abused its discretion in ordering the exhibits sealed.

## I.     TUTSA partially displaces the substantive sealing standards of Rule 76a, but it does not provide a separate procedural pathway for sealing court records containing alleged trade secrets.

We review a trial court's decision on a Rule 76a motion to seal court records for an abuse of discretion.  *Gen. Tire Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998).  A trial court does not abuse its discretion when basing a decision on conflicting evidence.  *Id*.  But failure to analyze or apply the law correctly is an abuse of discretion.  *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).  Even if an issue is novel or unsettled, a court may abuse its discretion if its legal decision is incorrect.  *In re Silver*, 540 S.W.3d 530, 538 (Tex. 2018).

We begin our analysis by setting out the relevant provisions of Rule 76a and TUTSA.  We then address the legal question of the extent to which these provisions conflict.

### A.     Rule 76a provides procedures and standards for sealing court records that include trade secrets, while TUTSA provides standards for protecting secrets by means including sealing.

In 1989, the Legislature directed this Court to adopt rules that would guide trial courts in determining whether to seal court records.  TEX. GOV'T CODE § 22.010.  This specific grant of authority—which built on the more general conferrals of rulemaking authority in Article V of the

7

Constitution and Government Code section 22.004—led to Texas Rule of Civil Procedure 76a, which we adopted in 1990. Rule 76a lays out both the substantive standards and the procedural steps for sealing court records. Regarding standards, the rule provides that court records are presumed to be open to the public and can be sealed only when a party has shown a specific, serious, and substantial interest that outweighs both this presumption of openness and any adverse effect sealing will have on general public health or safety. TEX. R. CIV. P. 76a(1)(a). The party must also show that no less restrictive means than sealing records will adequately and effectively protect its asserted interest. TEX. R. CIV. P. 76a(1)(b).

Parties attempting to meet this standard must follow the rule's procedural requirements. In addition to filing a written motion with the court, a party must post a public notice informing the public of its right to intervene, the nature of the controversy, and the nature of the records sought to be sealed. TEX. R. CIV. P. 76a(3). The rule also gives appellate courts jurisdiction over appeals from orders related to sealing or unsealing records. TEX. R. CIV. P. 76a(8). Trial courts do retain jurisdiction to alter or vacate their own sealing orders, but parties can move to reconsider an order on a motion to seal only by showing a change in circumstances materially affecting the order. TEX. R. CIV. P. 76a(7).

Almost every state in this country has adopted the Uniform Trade Secrets Act, drafted in 1979 and amended in 1985.[2] Texas adopted a slightly modified version—the Texas Uniform Trade Secrets Act—in 2013, adding it to the Civil Practice and Remedies Code as Chapter 134A.

---

[2] *Trade Secrets Act*, UNIFORM LAW COMMISSION, https://www.uniformlaws.org/committees/community-home?CommunityKey=3a2538fb-e030-4e2d-a9e2-90373dc05792 (last visited Apr. 26, 2021). North Carolina and New York are the lone holdouts. *Id.*

Texas Uniform Trade Secrets Act, 83rd Leg., R.S., ch. 10, 2013 Tex. Gen. Laws 12 (codified at TEX. CIV. PRAC. & REM. CODE ch. 134A).

Section 134A.006 of TUTSA provides that trial courts hearing misappropriation actions "shall preserve the secrecy of an alleged trade secret by reasonable means." TEX. CIV. PRAC. & REM. CODE § 134A.006(a). It creates "a presumption in favor of granting protective orders" to preserve secrecy and offers examples of the kinds of provisions a trial court "may include" in a protective order, including provisions "sealing the records of the action." *Id*. Section 134A.006 does not presume that a particular type of protective provision should be included in any given order; the statute's use of the discretionary "may" indicates that the trial court has discretion to choose the appropriate provision(s). *Id.*

Although Rule 76a and TUTSA section 134A.006 address different subjects, they overlap in cases like this. Rule 76a addresses sealing court records generally, which include "all documents of any nature filed in connection with any matter before any civil court" with some additions and exceptions not relevant here. TEX. R. CIV. P. 76a(2).[3] Such records may include trade secrets. We held prior to TUTSA's enactment that whether "a document contains trade secret information is a factor to be considered in applying th[e] sealing standard" of Rule 76a(1). *In re Continental Gen. Tire, Inc.*, 979 S.W.2d 609, 614 (Tex. 1998); *see also Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (per curiam).

For its part, TUTSA section 134A.006 addresses the preservation of alleged trade secrets in civil actions for misappropriation. It lists various means that courts may use to preserve secrecy,

---

[3] Court records also include unfiled discovery concerning certain matters of public interest "except discovery in cases originally initiated to preserve bona fide trade secrets or other intangible property rights." Tex. R. Civ. P. 76a(2)(c). This exception is inapplicable here because the exhibits were filed.

9

which include sealing court records as well as holding in camera hearings and ordering non-disclosure. TEX. CIV. PRAC. & REM. CODE § 134A.006(a). But unlike Rule 76a, which provides both standards and procedures, TUTSA prescribes no procedures for parties or courts to follow in using these means. Each of these means is frequently employed outside misappropriation cases, and nothing in TUTSA alters the procedures that would otherwise apply to any of them. For sealing orders, a trial court can look to TUTSA in deciding when sealing is warranted in a misappropriation action, but it will find no guidance there on what procedures to follow.

With these general differences in mind, we must consider how Rule 76a and TUTSA section 134A.006 interact given that both apply to this request to seal court records in a misappropriation action. TUTSA includes the following important provision: "[t]o the extent that this chapter conflicts with the Texas Rules of Civil Procedure, this chapter controls. Notwithstanding Section 22.004, Government Code, the supreme court may not amend or adopt rules in conflict with this chapter." *Id*. § 134.007(c). This provision refers both to pre-existing rules of civil procedure—like Rule 76a—as well as this Court's power to amend or adopt rules going forward. It makes clear that TUTSA takes precedence, and any substantive or procedural provision of Rule 76a that conflicts with a provision of TUTSA must give way.

Sometimes when the Legislature uses the language we find in section 134A.007(c), it also provides procedures in the statute itself. For example, Civil Practice and Remedies Code section 64.093(k)—addressing the appointment of receivers for certain royalty interests—contains identical language of statutory primacy. That section also specifies both the required showings for such an appointment as well as a comprehensive procedural framework for carrying out the appointment. *Id.* § 64.093(c)–(h). Another example is Chapter 10 of the Civil Practice and

10

Remedies Code, which contains the same "notwithstanding" sentence as TUTSA. *Id*. § 10.006. Accompanying procedural requirements tell parties how to move for sanctions, guarantee notice and opportunity to respond, and require a court imposing sanctions to issue an order describing the conduct and the basis for the sanction imposed. *Id*. §§ 10.002, .003, .005.

But as explained above, the Legislature did not provide procedures in TUTSA. TUTSA primarily supplies standards for relief in misappropriation actions. *Id.* §§ 134A.003, .004. The presumption of secrecy in section 134A.006 is also a standard. From that section, trial courts know that protective orders are appropriate in most misappropriation cases to preserve alleged trade secrets during the course of litigation, and that such orders may include a provision sealing records. *Id.* § 134A.006. Nothing in TUTSA, however, tells parties or trial courts what procedures to follow in moving for or issuing orders to seal court records: it mentions no motion, notice, hearing, or order. *Id*.

**B. TUTSA displaces some of Rule 76a's sealing standards, but it prescribes no conflicting procedures.**

This distinction informs our analysis of whether—and to what extent—Rule 76a and TUTSA conflict. HouseCanary correctly identifies a key conflict in the applicable standards: Rule 76a(1)(a)'s presumption that court records are open to the general public cannot be reconciled with TUTSA's presumption in favor of granting protective orders to preserve alleged trade secrets, including those in court records. Prior to TUTSA, many courts found a party's interest in preserving its trade secret specific and substantial enough to meet Rule 76a(1)(a)'s standard. *See, e.g.*, *In re Continental Gen. Tire*, 979 S.W.2d at 614. But after TUTSA, parties seeking to seal records containing alleged trade secrets in misappropriation actions no longer have to show a specific, serious, and substantial interest that outweighs the presumption of openness and any

11

adverse health or safety effects of sealing. TEX. R. CIV. P. 76a(1)(a). The Legislature has determined that an interest in protecting alleged trade secrets is presumptively sufficient, and this presumption controls. TEX. CIV. PRAC. & REM. CODE § 134A.007(c).

HouseCanary is incorrect, however, that TUTSA supplants all of Rule 76a and provides an entirely separate path to sealing. Showing a conflict between TUTSA and one part of Rule 76a does not displace the whole rule. *See Sunstate Equip. Co. v. Hegar*, 601 S.W.3d 685, 695 (Tex. 2020) (distinguishing irreconcilable from reconcilable provisions in a statute in determining which can apply); *see also Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 638 ("the Lottery Act's anti-assignment provisions are ineffective *insofar as* they conflict with the UCC" (emphasis added)). We must examine each of the other parts of Rule 76a individually to determine whether it is displaced by TUTSA.

HouseCanary has not shown that TUTSA's lack of procedures conflicts with and was intended to replace the procedural portions of Rule 76a, which trial courts follow in all cases where records are sought to be sealed. Those procedures include public notice, the prohibition against motions for reconsideration absent changed circumstances, and the right of appeal.

Courts have sensibly construed the public notice requirement of Rule 76a(3) to ensure that it does not force movants to forfeit the very information they are seeking to protect. For example, a movant's public notice of a motion to seal records to protect the identity of a minor victim of abuse can sufficiently describe the nature of the case and the record without revealing the minor's identity. *Fox v. Doe*, 869 S.W.2d 507, 510 (Tex. App.—San Antonio 1993, writ denied). Such a notice meets the requirements of Rule 76a(3) when it is "as full and as meaningful as possible consistent with protecting" the minor victim's identity. *Id*. at 510–11.

12

We recognize that trade secret holders may be wary of the public notice requirement. But as in other cases where a party seeks to seal court records, holders of a trade secret can notify the public of the type of information they seek to seal without disclosing that information. Indeed, the record in this case shows how HouseCanary's public notice could have described its secrets without sharing them. The reporter's record labels HouseCanary's trial exhibit 759 as "Attributes of Similarity and Valuation Suitability Scores." Another of its exhibits—number 800—is labelled "[HouseCanary] Appraisal Complexity [Application Programming Interface]." These exhibits were sealed, and their labels in the record describe what these exhibits contain without revealing the substance of HouseCanary's suitability scores or application programming interface. Similarly, Title Source filed its own motion to seal under Rule 76a, and its public notice explained that the records it sought to seal contained "source code for confidential computerized automated valuation models" without sharing that source code. The public notice requirement of Rule 76a(3) poses no more of a threat to sensitive information in misappropriation actions than it does in other contexts, and parties can comply with the requirement in this context without disclosing the information they seek to protect.

Nor is Rule 76a(7)'s bar on motions to reconsider absent changed circumstances incompatible with TUTSA's standards. TUTSA's presumption favoring protective orders may increase the likelihood of a motion to seal being granted in the first place, but nothing in TUTSA promises a quick second bite at the apple in the trial court. TUTSA's presumption is also consistent with the right to appeal orders relating to sealing or unsealing court records under Rule 76a(8). The presumption furthers a party's interest in protecting its alleged trade secrets, and an immediate appeal helps ensure that interest is not lost due to trial court error.

13

Finally, HouseCanary has shown no conflict between TUTSA and one part of Rule 76a's sealing standard: the requirement of Rule 76a(1)(b) that a movant show no less restrictive means will adequately and effectively protect its interest in secrecy. TUTSA section 134A.006(a) lists a sealing order as only one of several means of preserving a trade secret, and TUTSA does not address the proper scope of a sealing order if one is issued. As with Rule 76a(3), courts have construed Rule 76a(1)(b) to ensure that the movant's interest in secrecy is fully protected while recognizing that less restrictive means than sealing entire records—such as redaction—may effectively achieve that goal in some cases. *E.g.*, *BP Prods. N. Am., Inc. v. Houston Chron. Pub. Co.*, 263 S.W.3d 31, 35 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In sum, TUTSA leaves much of Rule 76a in place. Had TUTSA included its own procedures, it could support a motion to seal on its own. But because it does not, TUTSA cannot provide an independent path to sealing court records: its standards help courts determine when to seal but fail to guide courts on how to seal.

Our concurring colleagues respond that all of Rule 76a's procedures are "inapplicable" because they were designed "for overcoming the Rule's . . . presumption" of openness that TUTSA displaces; indeed, the concurrence sees "no need for procedure" because the trial court itself has a duty to preserve secrecy by reasonable means. *Post* at __.[4] We disagree. Rule 76a governs many procedural matters unrelated to the presumption, including whether a public written motion to seal documents is required, who gets notice of that request and an opportunity to respond, whether a

---

[4] Later, the concurrence seems to change its mind, conceding that a court cannot close a hearing on a motion to seal trade secrets—apparently because that would not be a "reasonable means" of protecting the secrets. *Post* at __. We take a different view of the role of TUTSA's "reasonable means" standard. Section 134A.006 specifies that a sealing order can be one reasonable means of preserving an alleged trade secret; it does not allow a court that pursues the sealing option to pick and choose among the procedures applicable to sealing orders according to what it feels would be reasonable in each case.

14

hearing is conducted and is open to the public, whether a sealing order is public and what it must contain, and whether such an order can be appealed. Section 134A.006 of TUTSA has nothing to say about any of these issues: it refers to sealing records—an existing procedure with its own rules—as but one option a court may choose to preserve the secrecy of an alleged trade secret;[5] it certainly does not require a court to order sealing sua sponte with no public notice. TUTSA allows courts to close certain records, not close their doors.

More importantly, these procedures serve our fundamental commitment to open courts, which is rooted in the common law and the First Amendment.[6] The public's right of access to judicial proceedings "is a fundamental element of the rule of law" because "monitor[ing] the exercise of judicial authority" helps "maintain[] the integrity and legitimacy of an independent Judicial Branch." *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021).

Nothing about TUTSA's presumption in favor of protective orders signals that the Legislature wanted courts to abandon this commitment and their procedures any time a trade secret is alleged. Recognizing a duty to seal with no accompanying procedures would rewrite the Legislature's presumption, turning it into a conclusive command. Procedures allowing public scrutiny and adversary testing of requests to seal court records do not conflict with a rebuttable presumption that some form of protection is proper; to the contrary, they are essential for its proper

---

[5] We do not hold that the only reasonable means of preserving the secrecy of alleged trade secrets is a sealing order that complies with Rule 76a, as the concurrence suggests. *Post* at __. Rather, section 134A.006 lists several "reasonable means" that a court "may include" in a protective order. These means include not only sealing records but also limiting access to confidential information and ordering non-disclosure—all of which the trial court did in its protective order here.

[6] *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 576 (1980); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *In re Oliver*, 333 U.S. 257, 268–72 (1948) (discussing the need for publicity to check courts' power given the "menace to liberty" posed by secret trials); *see also Del. Coal. for Open Gov't, Inc. v. Strine*, 733 F.3d 510, 514 (3d Cir. 2013) (noting that every federal circuit court considering the issue has concluded that the First Amendment right of access applies both to civil and criminal trials).

15

application. These procedures help the trial court decide whether sealing documents in their entirety—rather than redacting them or granting another type of protective order—is appropriate in a given case. *See Le*, 990 F.3d at 419–20. And Rule 76a's procedures respect the public's interest in knowing what their courts are doing and why without jeopardizing the content of a trade secret, just as they do for all sensitive information that courts protect under that rule. We therefore hold that TUTSA does not displace these procedures.[7]

## II. The trial court abused its discretion by sealing records based solely on TUTSA.

With this understanding of the relationship between Rule 76a and TUTSA section 134A.006 in mind, we address their application to this trade secret case. The trial court denied HouseCanary's motion to seal eight exhibits under Rule 76a, and most of the arguments Title Source and the intervenors offered to support the trial court's ruling are not displaced by TUTSA. HouseCanary did not appeal that ruling, choosing instead to file a motion for reconsideration that relied solely on TUTSA section 134A.006.

HouseCanary's motion for reconsideration could succeed only if TUTSA provides a path to sealing court records separate from Rule 76a. HouseCanary told the trial court that TUTSA displaces every provision of Rule 76a, but that is incorrect as we explain above. Because TUTSA does not provide a separate, sufficient path for sealing court records, the trial court applied the wrong legal standard and therefore abused its discretion in granting the motion to reconsider. *In re Silver*, 540 S.W.3d at 538. The court incorrectly used TUTSA to avoid applying the non-

---

[7] Our concurring colleagues suggest this result is nonsensical because the jury found HouseCanary had trade secrets that were wrongfully taken from it, yet we hold that the taker (Title Source) and the public (intervenors) can challenge whether those secrets should be sealed retroactively under Rule 76a. *Post* at __. But HouseCanary is the party that chose to include its trade secret exhibits in the public record and discuss them in open court. As we have explained, the people of Texas have an interest in what goes on in their courts, and TUTSA does not eliminate that interest or adopt different sealing procedures for alleged trade secrets.

displaced provisions of Rule 76a. *See Title Source*, 603 S.W.3d at 841 ("It is undisputed that the trial court did not apply Rule 76a when it decided HouseCanary's motion to reconsider whether to seal the exhibits at issue.").

We recognize, of course, that a party can raise TUTSA's presumption—which HouseCanary did in its motion to reconsider—as part of its Rule 76a motion. What a party cannot do is rely only on that presumption to disregard the requirements of Rule 76a that TUTSA does not displace. Nor can a party rely on TUTSA to avoid the prohibition against reconsideration absent changed circumstances under Rule 76a(7), as HouseCanary did here.

The trial court's sealing order on reconsideration is also an abuse of discretion because HouseCanary's public notice and motions make no mention of six of the fourteen exhibits sealed. These six exhibits were not even raised at the hearing on HouseCanary's motion for reconsideration; HouseCanary first cited them in its draft order granting that motion. Title Source promptly objected to the proposed order, informing the trial court that would grant more relief than HouseCanary requested, but the trial court signed the order as drafted. HouseCanary's failure to comply with Rule 76a's procedures as to these six exhibits confirms that the trial court's order is an abuse of discretion.

We also conclude that the trial court's errors probably caused the rendition of an improper sealing order. *See* TEX. R. APP. P. 61.1(a). Not only did the court grant more relief than requested, it did not apply the non-displaced provisions of Rule 76a in ruling on the motion for reconsideration. And when the court did consider those provisions in ruling on HouseCanary's original sealing motion, it denied the motion.

17

Title Source opposed the original motion by pointing to HouseCanary's noncompliance with Rule 76a as well as the stipulated protective order. Regarding Rule 76a, Title Source argued that HouseCanary failed to meet the public-notice requirement of a "brief but specific description of . . . the records which are sought to be sealed." TEX. R. CIV. P. 76a(3). The public notice listed only the eight exhibit numbers; it did not describe the records or tell the public anything about the nature of the evidence. HouseCanary argued that it did describe the exhibits in its motion to seal, and the public notice effectively directed interested parties toward the motion. But the rule requires that the public notice itself—not the motion or other material—contain the required description. TEX. R. CIV. P. 76a(3).

Title Source and the intervenors also argued that HouseCanary failed to comply with the stipulated protective order's requirement that a party seeking to maintain the confidentiality of protected discovery material during trial move for sealing within five business days of submitting that material under temporary seal.[8] The protective order was expressly issued under TUTSA section 134A.006, and Title Source argued that the order itself provided the reasonable means of protecting alleged trade secrets that TUTSA envisions. According to Title Source, HouseCanary's failure to comply with the protective order marked a failure to take advantage of exactly the protections TUTSA offered.[9] Because the exhibits were publicly filed without a motion to seal in

---

[8] The protective order provides that it operates as a temporary sealing order and directs a party seeking to maintain material as confidential to file a motion under Rule 76a within five business days.

[9] The court of appeals concluded that the trial court "ignored the [protective order]" when it ordered the exhibits sealed on reconsideration. 603 S.W.3d at 841. But the protective order acknowledges that any party may seek its modification, and the court also retained discretion to modify the order itself. *See In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 231 (Tex. 2008). Nevertheless, there is nothing in the record to suggest that the trial court modified the protective order when denying HouseCanary's original motion to seal under Rule 76a. On remand, the trial court may consider whether to modify its protective order, though any modification will not affect the application of Rule 76a's non-displaced provisions to the sealing motion.

compliance with the protective order, Title Source maintained, retroactive sealing would not preserve their secrecy.

Title Source and the intervenors therefore offered a collection of reasons for denying the motion to seal on grounds that were not displaced by TUTSA's presumption favoring protective orders. The public-notice requirement is one of Rule 76a's non-displaced procedures, and the stipulated protective order signed by the trial court was consistent with TUTSA's aims and standards. These arguments provided the trial court with grounds for denying the motion the first time, and the court may or may not have found them persuasive again had it contemplated them on reconsideration. For these reasons, the court of appeals correctly reversed the trial court's sealing order on reconsideration, and we affirm that portion of the court of appeals' judgment.

## III. A remand is appropriate for the trial court to reconsider sealing under the applicable provisions of both TUTSA and Rule 76a.

The remaining question for the court of appeals was whether to render or remand, *see* TEX. R. APP. P. 43.3, and it chose to render judgment denying the motion to reconsider sealing. *Title Source*, 603 S.W.3d at 841. Although the court of appeals' reasoning supported that disposition, ours differs in a critical respect.

Unlike the court of appeals, we have held that TUTSA partially displaces Rule 76a, substituting a presumption in favor of protective orders for the rule's presumption of openness. The trial court has not had an opportunity to exercise its discretion under this legal standard, which combines TUTSA's presumption with Rule 76a's non-displaced provisions. We therefore reverse the portion of the court of appeals' judgment that denies sealing, and we remand to the trial court for further proceedings on sealing. *See* TEX. R. APP. P. 60.2(d); TEX. R. CIV. P. 76a(8). Our

19

clarification of the applicable legal standard is a changed circumstance that allows HouseCanary to file a new motion under the correct standard. *See* TEX. R. CIV. P. 76a(7).

Title Source and the intervenors argue that we should instead affirm the court of appeals' judgment, pointing to two grounds for denying sealing that they raised in the court of appeals but the majority of that court did not reach. We conclude neither ground demonstrates that sealing would be improper as a matter of law.

First, Title Source argues that HouseCanary's trade secrets lost their secrecy when it introduced exhibits containing those secrets into evidence at trial without obtaining an order to protect their secrecy (as the protective order required) and discussed some of them in open court. The concurring justice in the court of appeals agreed. 603 S.W.3d at 842–43 (Marion, C.J., concurring). We conclude, however, that these facts alone do not conclusively establish a waiver of HouseCanary's trade secrets.

Information need not be kept absolutely secret in order to constitute a trade secret. Rather, the owner must "take[] reasonable measures under the circumstances to keep the information secret," and the information must "not be[] generally known to, and not be[] readily ascertainable through proper means by, another person who can obtain economic value" from it. TEX. CIV. PRAC. & REM. CODE § 134A.002(6). Other courts have recognized that whether secrecy has been lost is a fact-intensive determination, and the inclusion of a document containing trade secret information in a court's public records is simply one factor to be weighed in deciding whether the contents remain secret—not conclusive evidence that trade-secret status has been lost. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 418–19 (4th Cir. 1999) (collecting cases). Other relevant considerations include whether and when subsequent measures were taken

20

to preserve the document's secrecy, whether a competitor could readily ascertain the information, and whether the document was further published or disseminated outside court records. *See id.*; *Gates Rubber Co. v. Bando Chemical Indus., Ltd.*, 9 F.3d 823, 849 (10th Cir. 1995).

Here, the trial court was in the best position to determine whether the exhibits' unsealed admission into evidence and the extent to which they were discussed at trial made the secret information generally known to or readily ascertainable by competitors, as well as whether the measures taken by HouseCanary and the court itself to protect the exhibits were reasonable. HouseCanary argues that the discussion of the exhibits in open court was too limited to allow a competitor to recreate or reverse engineer its secrets, and the record shows that the trial court limited public access to the exhibits even before HouseCanary moved to seal them following the trial. Title Source takes a different view of the exhibits' accessibility and the amount of information disclosed in court.

Having heard these arguments from both sides, the trial court granted the motion to reconsider sealing and included a finding in its order that the exhibits contained trade secrets. Because Title Source has not conclusively shown that the exhibits lost their secrecy, we cannot affirm the court of appeals' judgment denying sealing on this basis.

Second, Title Source and the intervenors argue that the trial court's retroactive sealing of these exhibits violates rights to courtroom access under the common law and First Amendment.[10]

---

[10] We have held that access to courts is "subject to reasonable limitations imposed to protect countervailing interests, such as the preservation of trade secrets." *In re M-I L.L.C.*, 505 S.W.3d 569, 577–78 (Tex. 2016). This is also true in federal courts, where the common-law right of access to judicial records gives a court discretion to deny access to business information to preserve a litigant's trade secrets or competitive standing. *Nixon*, 435 U.S. at 598; *Le*, 990 F.3d at 419. Public access to courtrooms themselves is protected by the First Amendment, but like the common-law right of access to records and documents, this right of access is not absolute. *See Richmond Newspapers*, 448 U.S. at 580–81 & n.18.

The court of appeals did not reach this issue, and we have held that the trial court abused its discretion by granting sealing without applying the non-displaced provisions of Rule 76a. Given that Rule 76a also serves our fundamental commitment to open courts as explained above, we conclude it would be premature to consider these constitutional and common-law objections before the trial court has employed the rule's applicable provisions on remand. Title Source and the intervenors have not argued that Rule 76a's non-displaced provisions fail to protect the rights they identify, and we express no view on that question.

CONCLUSION

Because TUTSA does not displace Rule 76a entirely and offer a separate path to sealing, the trial court abused its discretion by granting the motion to reconsider. Accordingly, we affirm the portion of the court of appeals' judgment that reverses the trial court's order granting HouseCanary's motion and sealing the fourteen exhibits. We remand the matter of sealing to the trial court for further proceedings.

 

 

_____
J. Brett Busby
Justice

**OPINION DELIVERED:** April 30, 2021